J. P. SAND & GRAVEL COMPANY, APPELLANT, *v.* STATE OF
OHIO ET AL., APPELLEES.

[Cite as J. P. Sand & Gravel Co. v. State (1976),
51 Ohio App. 2d 83.]

(No. 75 AP-577—Decided June 8, 1976.)

*Messrs. Postlewaite, Postlewaite & O'Brien* and *Mr.
James L. Mann,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Steven L.
Ball* and *Mr. Paul C. Koscik,* for appellees.

HOLMES, J. This matter involves the appeal of a judg-
ment of the Court of Claims which sustained the motion of
the director of the Department of Transportation of Ohio, a
defendant, to dismiss the complaint on the basis that the

court lacked subject matter jurisdiction, and that the complaint failed to state a claim upon which relief could be granted. The facts in brief upon which the complaint was filed in the Court of Claims and which have given rise to this appeal are as follows.

The plaintiff, J. P. Sand & Gravel Company, appellant herein, for a number of years owned certain lands in the southern part of Columbus, Ohio, which it had mined for sand and gravel and subsequently refilled and leveled. Starting in 1971, it offered this land for sale for commercial use and had in fact sold some four acres of the land to a certain trucking company.

On October 18, 1971, the director of the Ohio Department of Transportation, acting pursuant to R. C. 5511.01, notified the city of Columbus, through its department of development, that the state contemplated certain highway construction on or about the lands of the appellant. This code section, which grants the director of transportation rather wide authority in the planning process for the state highway system, in pertinent part, is as follows:

"* * * Any changes made in existing highways by the director or any additional highways established by him following such hearing shall be certified to the following authorities interested therein: the legislative authority of municipalities * * * and the municipal, township, or county officer authorized to issue land use or building permits. * * *

"* * * [T]he authority authorized to approve the zoning change or subdivision plat or the authority authorized to grant the permit for land use or the erection, alteration, or moving of the building shall give notice, by registered or certified mail, to the director, and shall not approve a zoning change or subdivision plat or grant a permit for land use or the erection, alteration, or moving of a building for one hundred twenty days from date notice is received by the director. * * * Upon notification that the director has found acquisition at that time not to be in the public interest, or upon the expiration of the one hundred twenty day period or any extension thereof, if no notice has been received from the director, said authority shall proceed in accordance with law "

The appellant, in essence, alleged in its complaint that the city of Columbus, having been notified of the desire of the director of transportation to acquire certain of the appellant's property, prevented the issuance by the city of any building permits, any lot split approvals, any subdivision plat approvals, and any zoning change approvals.

Appellant further alleged in its complaint that at the time the alleged restrictions were imposed, it had a number of prospects for the purchase of portions of its land, but that the restrictions imposed by the stated section of law prevented it from acquiring the necessary approval for splits of its property for conveyance.

The appellant claims that it had made periodic inquiries throughout 1971, 1972, and until May 1973, to the Department of Transportation as to its plans concerning the property of the appellant, but that the state did not give the appellant its plans until May 1973, when the department informed the appellant that its plans would be delayed considerably into the future.

The plaintiff alleged that the restrictions remained in effect on the 24.8 acres of land until August 31, 1973, when the state furnished plaintiff with a descripton of the 5.74 acres of land that it would take for highway purposes.

The appellant argues that, due to the financial reverses in the country, generally, in 1973, the demand for any commercial property such as it had for sale had diminished or disappeared, and that it was seriously financially damaged thereby.

The complaint contains two claims for relief. Plaintiff seeks damages for the permanent and complete taking of its 5.74 acres, in the amount of $120,000; for the temporary partial taking of its 19.06 acres, in the amount of $133,000; and for the decrease in market value of the 19.06 acres caused by the taking of the 5.74 acres, in the amount of $30,000.

The second claim for relief is a tort action in which the plaintiff seeks the recovery of damages resulting from the defendant's willful or negligent abuse of its power of eminent domain.

The Court of Claims, as previously stated, dismissed the complaint upon the basis of a lack of jurisdiction of the

subject matter, and that the complaint failed to state a claim upon which the court could grant relief.

The plaintiff assigns the following errors herein:

"1. The Court of Claims erred in dismissing plaintiff's complaint.

"2. The Court of Claims erred in implying that the plaintiff must submit evidence to support the allegations of its complaint and, thereby, applied an improper legal standard in ruling on defendant's Rule 12(B) motion to dismiss.

"3. The Court of Claims erred in holding that the Court of Claims has no jurisdiction of claims for relief involving the taking of real property without compensation because the State of Ohio has previously consented to be sued for such takings in Chapters 163 and 5519 Revised Code.

"4. The Court of Claims erred in holding that the plaintiff-appellant was guilty of laches because the restrictions imposed pursuant to Section 5511.01 R. C. were not effective for more than 120 days after they were first imposed.

"5. The Court of Claims erred in holding that the plaintiff-appellant could have obtained a writ of mandamus to compel the appropriation of its property.

"6. The Court of Claims erred in holding that the Court of Claims has no jurisdiction of claims for relief involving the taking of real property without compensation because in the Court of Claims damages are determined by a judge and not by a jury.

"7. The Court of Claims erred in holding that plaintiff-appellant may recover only compensation for property taken and not damages caused by governmental activity prior to an appropriation.

"8. The Court of Claims erred in holding that plaintiff-appellant could recover only those damages which would be recoverable in an appropriation proceeding.

"9. The Court of Claims erred and abused its discretion in dismissing plaintiff's Complaint instead of retaining the case and exercising its equity powers to issue a manda-

tory injunction ordering the defendant to appropriate plaintiff's property forthwith.''

At the outset, we hold that the Court of Claims did review the content of the pleadings and did so treat the defendant's motion as one upon the pleadings and not as a motion for summary judgment. Although the decision of the Court of Claims does contain the suggestion to the effect that the appellant should have submitted documentary evidence in support of the allegations of its complaint, such in and of itself does not present reversible error in the trial court's procedure of ruling on this motion. The trial court could have reasonably found that it affirmatively appears from the face of the complaint and its attachments that as a matter of law the court lacked jurisdiction of the subject matter of the action.

Also, the trial court could have reasonably found from a review of the complaint and attachments that beyond a reasonable doubt plaintiff could prove no set of facts in support of its claim which would entitle it to relief. The Court of Claims, therefore, applied the correct legal standard in ruling upon the defendants' motion. The appellant's second assignment of error is hereby dismissed. The other assignments of error shall be generally answered in the following discussion.

First, the appellant basically argues in its brief, in support of the assignments of error, that the Court of Claims did have jurisdiction over the appellant's first claim for relief because the defendant director's action, which limited the use of appellant's property, effected a taking of the property without compensation, in violation of Section 19, Article I of the Ohio Constitution; that the state had not previously consented to be sued in actions claiming the taking of real property; and that R. C. Chapters 163 and 5519 grant only a very limited consent to be sued. Further, the appellant argues that mandamus is not available to compel appropriation since the passage of the Court of Claims Act.

Secondly, the appellant argues that the Court of Claims should have taken jurisdiction over the second cause of

action, in that tort actions arising from the willful or negligent abuse of the power of eminent domain could not be brought against the state of Ohio prior to the Court of Claims Act.

The basic law within which the Court of Claims has been granted its jurisdictional power is set forth in R. C. 2743.02, as follows:

"(A) The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter. To the extent that the state has previously consented to be sued, this chapter has no applicability. * * *"

It is clear that this section prohibits the Court of Claims from exercising jurisdiction over the subject matter of cases alleging damages which were recoverable against the state prior to the Court of Claims Act, which was effective January 1, 1975.

Section 19, Article I of the Ohio Constitution requires that whenever private property is taken for a public purpose, its owner is entitled to compensation. R. C. Chapters 163 and 5519 were enacted by the legislature to implement Section 19, Article I of the Ohio Constitution. These chapters of law, providing for the manner and method of the appropriation of property by the state of Ohio and for a jury determination of the compensation to be paid to the landholder, predate the passage of the Court of Claims Act.

Judge Troop, in his decision denying jurisdiction in the action herein, stated as follows:

"A review of the R. C. Chapter 163 and Chapter 5519 leads to the inevitable conclusion that the General Assembly has, pursuant to Section 16, Article I of the Constitution, provided the law under which and the court in which to sue the state in appropriation actions. Under the law, appropriation actions can be brought only in Common Pleas or Probate Court * * *."

We are in agreement with Judge Troop and the application of that stated principle of law to this case. Clearly, R. C. Chapters 163 and 5519 provide a method by which

damages may be recoverable from the state of Ohio for the taking of private property. Strictly, the doctrine of sovereign immunity would have prevented the private citizen from seeking redress against the state of Ohio where private property was taken. However, these stated chapters of Ohio law have waived sovereign immunity to the extent that damages are recoverable in the courts of law where there has been a taking of private property.

Therefore, we hold that there was a remedy available to the plaintiff which existed prior to the Court of Claims Act. In appropriation actions the state had consented to be sued. Therefore, applying R. C. 2743.02, the Court of Claims is deprived of jurisdiction in matters involving the appropriation of private real estate.

The plaintiff, in its complaint, alleged that its property had been taken by virtue of the actions of the director of the Department of Transportation, particularly the action of the director in notifying the city of Columbus pursuant to R. C. 5511.01. Assuming that a taking had in fact occurred, an appropriation action must be instituted on behalf of the state, either pursuant to R. C. Chapter 163 or Chapter 5519. Where a property owner claims that his property in fact has been taken by the state and that he has been damaged and appropriation proceedings have not been instituted, the property owner may proceed to seek a writ of mandamus to compel the initiation by the state of such appropriation proceedings. *Wilson* v. *Cincinnati* (1961), 172 Ohio St. 303.

Certain acts of the state, where such acts could reasonably be interpreted as a substantial interference or domination of private property, may be found to be a "taking" of such property. However, the mere expression or conveyance of an intent to take private property in the future, as was the procedure here, is not such a substantial interference with private property as to constitute a "taking." In the absence of a physical taking of property, a taking occurs only where there is a substantial interference with the rights of ownership of private property. *Smith* v. *Erie Rd. Co.* (1938), 134 Ohio St. 135. Any such substantial interference with the rights of ownership of private prop-

erty as might be found to be present is deemed to be a taking *pro tanto*.

Appellant argues that certain "restrictions" were placed upon its property by way of the director having informed the city of Columbus, pursuant to R. C. 5511.01, of its intent to construct a highway over lands of the appellant. A review of such section leads to the conclusion that there are no automatic restrictions placed upon the lands of the property owner or this appellant. This section provides only that prior to the rezoning of property or the allowance of subdivisions or splits of property, the city give notice of such to the director of the Department of Transportation, and that any such approvals or changes shall not be given for 120 days from the date of the notice to the director. During such 120 days, the director shall, according to such section, proceed to acquire the land deemed to be needed.

A property owner may avoid limitations on the zoning, subdividing or splitting of his land for purposes of sale, by requesting the city to lift any such restrictions. The filing of such a request would require the city to make a determination on the rezoning, subdivision or split, as requested.

In accord with the statement of Judge Troop, we are of the opinion that the appellant could have resolved any question of the restrictions on the use of this land by filing a request for a change in land use, land split or subdivision with the city of Columbus.

Even assuming a "temporary taking" in the instant case, the loss of profits by virtue of the changing market and the increased interest rates which the plaintiff claims it had to expend for the procuring of capital funds for its business purposes would all seem to be too speculative for the purpose of determining compensation for such a taking.

Based upon all of the foregoing, we conclude that the Court of Claims lacked subject matter jurisdiction over the appellant's cause of action, and also that the appellant's complaint failed to state a claim upon which relief may be granted. Assignments of error one, three, four, five, six, seven, eight and nine are hereby dismissed.

The judgment of the Court of Claims is hereby affirmed.

*Judgment affirmed.*

REILLY and McCORMAC, JJ., concur.

McCORMAC, J., concurring. Plaintiff's complaint states two theories for relief. The first claim is based upon a taking by the state. It is clear that any damages applicable as a result of a take are available in eminent domain actions existing prior to the enactment of R. C. Chapter 2743. Hence, the Court of Claims has no jurisdiction of the subject matter of the first claim.

The second claim for relief is a tort action for damages, allegedly caused by the defendants' delay in appropriating the property of plaintiff. The Supreme Court inferred that a valid claim for relief might be stated for damages where an appropriation is delayed for an unreasonable length of time, at least against a private entity. *Smith* v. *Erie Rd. Co.* (1938), 134 Ohio St. 135. Some jurisdictions apply this principle to private entities only and not to the sovereign. However, in any event, the claim is applicable only if there has been an unreasonable delay.

R. C. 5511.01 contains a provision to be used by the landowner to avoid an unreasonable delay in an appropriation. If an application is made to the city after a notice of the state's intention to appropriate is given, the city is required to notify the director of transportation who then must either appropriate the property or lift the restriction upon the use of such property. The intent of the statute is to provide the property owner a means of avoiding the hardship of any unreasonable delay. That statutory method for relief from a delay in appropriation is intended to be the exclusive remedy. The Court of Claims Act creates no new tort remedies for damages due to the delay of the state in appropriating property. Other damages, if any, are not recoverable; under such circumstances, a loss suffered by the owner is *damnum absque injuria.* Therefore, the second claim is not one for which relief is possible.