The State, ex rel. Nicholson, Appellants, *v.* Jackson, Director, et al., Appellees.

(No. 77AP-120—Decided May 12, 1977.)

*Mr. Hugh E. Kirkwood, Jr.,* and *Mr. Danny D. Johnson,* for appellants.

*Mr. William J. Brown,* attorney general, *Mr. Perry R. Silverman, Mr. Donald J. Guittar,* and *Mr. Leslie R. Early,* for appellees.

Whiteside, J., Relators appeal from a judgment of the Franklin County Court of Common Pleas finding that their complaint in mandamus fails to state a claim for relief, raising a single assignment of error, as follows:

"The trial court erred in finding that a suggestion or plan to eliminate parking on S. Broadway Street does not constitute a taking of property, or property rights of Relators."

The complaint alleges that relators are the owners of a commercial building in New Philadelphia, Ohio. The complaint further alleges that, in November 1973, and January 1974, relators received written offers from the respondent, Ohio Department of Transportation to acquire access rights to their property in connection with a highway improvement on South Broadway Street in New Phil-

adelphia, also known as State Route 800, Tuscarawas County. Subsequent to the receipt of those offers, respondent altered the right-of-way plans and deleted the limited access provisions on South Broadway Street in the vicinity of relators' property. Thereafter, on May 3, 1976, the respondent city of New Philadelphia passed a resolution to cooperate with the respondent Director of Transportation and approving and adopting the plans, specifications and estimates for the highway improvement as approved by the Director of Transportation. Although the body of the resolution does not mention parking, one of the "whereas" clauses states that the city of New Philadelphia resolves "to eliminate parking on the through-traffic roadways and ramps of the improvement and to keep them open to traffic at all times." Paragraph eleven of the complaint alleges that, by this resolution "* * * the City of New Philadelphia, Ohio, was required to eliminate parking on the east and west side of South Broadway Street between Front Street and Bank Lane, thus depriving Relators of their access rights without compensation."

Relators sought a writ of mandamus requiring respondents to file appropriation proceedings to acquire relators' access rights and to compensate them therefor.

There is no allegation of a physical taking of any of relators' property but, rather, merely an allegation to the effect that the agreement to eliminate parking on South Broadway constitutes such an interference with relators' access rights as to be a taking of their property. Even assuming that interference with access rights be involved, the situation is somewhat similar to that involved in the unreported decision rendered in *State, ex rel. Edmisten, v. Jackson*, No. 75AP-557, Court of Appeals of Franklin County, July 1, 1976, in which decision this court held:

"The allegations of the complaint do set forth a claim for relief for damages for a change of grade. However, the issue before us is whether it sets forth a claim for relief in mandamus against the Director of Transportation.

"Obviously, the basic contention of relators is that the Director has taken an interest in their property by the

exercise of eminent domain for which no compensation has been made. Traditionally, under such a circumstance, the only remedy when the state was involved was to bring an action in mandamus to compel commencement of appropriation proceedings. See *e. g.* third paragraph of the syllabus of *State, ex rel. McKay,* v. *Kauer* [1951], 156 Ohio St. 347. Mandamus was an available remedy since there existed no other remedy in the ordinary course of law, the state not being subject to suit without its consent and not having consented. *Wilson* v. *Cincinnati* [1961], 172 Ohio St. 303, 308.

"Recently, however, the General Assembly has enacted R. C. 2743.02[A], reading as follows, consenting to suits against the state:

" 'The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter. To the extent that the state has previously consented to be sued, this chapter has no applicability.'

"Since, as expressly held in the *per curiam* opinion of *Wilson, supra,* at page 307-308, the state had not previously consented to a direct suit for compensation for land taken for public use, the last sentence of R. C. 2743.02[A] has no application. Rather, it was because the state had not so consented that mandamus was the only remedy. This was not true with respect to other public agencies, since the Supreme Court in *Wilson* permitted a direct action for damages against the city of Cincinnati, but not against the Director of Highways. [The same result was reached in the Clermont County case involving this controversy.] See also *Longworth* v. *Cincinnati* [1891], 48 Ohio St. 637: *Mansfield* v. *Balliett* [1902], 65 Ohio St. 451; *Norwood* v. *Sheen* [1933], 126 Ohio St. 482; *Steinle* v. *Cincinnati* [1944], 142 Ohio St. 550; and *Lucas* v. *Carney* [1958], 167 Ohio St. 416.

"R. C. 2743.02[A] does limit the state's waiver of immunity to liability determined 'in accordance with the

same rules of law applicable to suits between private parties.' Clearly, a private person may take and subject to his own use property belonging to another, giving rise in such other a claim for damages. The only distinction is that the use herein is public rather than private. The fact that eminent domain is involved also makes no difference, since private corporations may be given the power of eminent domain. See Section 5, Article VIII, Ohio Constitution, and *Giesy* v. *Cincinnati, Wilmington and Zanesville Rd. Co.* [1854], 4 Ohio St. 308.

"If a private person acts in such fashion as to permanently interfere with an owner's access to his property, there can be no doubt but that such owner could assert a claim for relief against such private person. See *Worthington* v. *Carskadon* [1969], 18 Ohio St. 2d 222. This case involves the same problem, but the state, rather than a private person, is alleged to have interfered with access. As indicated by *Wilson, supra,* previously, direct action against the state was not possible because the state had not consented to be sued. Such consent has now been given by R. C. 2743.02[A].

"Mandamus is not available where there is an adequate remedy in the ordinary course of law. See the third paragraph of the syllabus of *State, ex rel. Pressley,* v. *Indus. Comm.* [1967], 11 Ohio St. 2d 141. An action pursuant to R. C. 2743.02[A] in the Court of Claims constitutes such an adequate remedy. Here, there was no physical taking of relators' property but, rather, damage caused thereto by the change of grade of Main Street.

"As to private corporations [a railroad company], under similar circumstances, the Supreme Court has held that an action for damages for compensation may be maintained, stating in the first paragraph of the syllabus of *Fries* v. *Wheeling & Lake Erie Ry. Co.* [1897], 56 Ohio St. 135:

" 'Where a railroad company has taken possession of land for its right of way, and incorporated it as part of its permanent railroad track, with the verbal consent of the owner, on condition of compensation verbally promis-

ed but refused and not performed, and without appropriation proceedings and without any agreement in writing with the owner, such owner has an election of remedies, either [1] to proceed in the probate court to compel appropriation under section 6448, Revised Statutes; or [2] by assenting to such possession by the company as an appropriation in fact, and tendering conveyance, to proceed in the court of common pleas to recover compensation.'

"Accordingly, relators' proper remedy against the Director of Transportation is in the Court of Claims, pursuant to R. C. 2743.02[A], which remedy constitutes an adequate remedy in the ordinary course of law precluding mandamus. * * *''

Additionally, an ordinance prohibiting parking cannot have the effect of prohibiting an abutting property owner from using the street for the purpose of loading and unloading property to be taken into or from the premises. See *Eisenmann* v. *Tester* (1934), 47 Ohio App. 275, and *Raskin Hotel Co.* v. *Cincinnati* (1954), 97 Ohio App. 424; see also *State* v. *Whisman* (1970), 24 Ohio Misc. 59, 64.

Furthermore, even assuming that there could be an interference with access rights by adoption of an ordinance prohibiting parking, the resolution in question is not such an ordinance. At most, it is an agreement by the city of New Philadelphia to adopt such an ordinance which can have no effect until it be adopted. Only when adopted can the effect of an ordinance be determined. Accordingly, the assignment of error is not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and REILLY, J., concur.