The STATE, ex rel. CELEBREZZE, Appellee,

v.

CINCINNATI LAND DEVELOPMENT CORP.; Diss et al., Appellants.

[Cite as *State, ex rel. Celebrezze, v. Cincinnati Land Development Corp.* (1989), 61 Ohio App.3d 747.]

Court of Appeals of Ohio,
Warren County.

No. CA88–09–073.

Decided April 10, 1989.

*Anthony J. Celebrezze, Jr.*, Attorney General, *Joan C. Weiser* and *John K. McManus*, for appellee.

*Mark R. Simendinger*, for appellants.

---

*Per Curiam.*

This case involves the issue of whether the owners of a dam, defendants-appellants, Donald and Marilyn Diss, failed to comply with an administrative order to repair or breach their dam, issued by the Ohio Department of Natural Resources (hereafter "ODNR"). It does not, as appellants argue, involve the issue of whether there was a "taking" of their property requiring compensation by the state of Ohio.

Co-defendant, Cincinnati Land Development, Inc., (hereafter "CLD") and appellants are joint owners of a dam located at Sun Rise Lake in Warren County, Ohio. On August 30, 1985, ODNR issued an order pursuant to R.C. 1521.062, requiring both defendants to repair or breach the dam in order to safeguard the life, health, or property of those involved. This order was issued after a detailed inspection report was provided to both defendants requesting that major repairs be performed and completed by April 5, 1985. The inspection report showed that the dam had potential stability problems, posing a threat to public safety. After the order was issued, only CLD submitted plans for repair. Appellants did not submit any plans and did not make any attempt to repair or breach the dam.

On May 26, 1987, the state, on behalf of ODNR, filed a complaint for injunctive relief asking the Warren County Court of Common Pleas to order both defendants to comply with the ODNR administrative order. CLD an-

swered claiming that the state could only repair and not breach the dam because CLD was the only defendant to submit plans and these plans were for repair and not for breach of the dam. CLD also filed a cross-complaint asking for a judgment adjudicating the respective rights and duties of the defendants, declaring both equally liable for costs incurred. CLD requested that appellants be required to pay for half of the costs already incurred and to reimburse them for half of all future expenses. Appellants alleged in their answer that they did not submit plans for breaching the dam due to the inability to pay for such plans, but that they did request that ODNR submit such a plan. Appellants further argued that the actions contemplated by the ODNR would constitute a "taking" of their property.

On December 2, 1987, the state moved the court for a summary judgment arguing that no material issue of fact remained regarding whether or not an injunction should be issued. On January 28, 1988, the lower court granted this motion stating that plaintiff was entitled to injunctive relief pursuant to R.C. 1521.062(C) to enforce its order of August 30, 1985. The court also ordered that appellants could not refuse ODNR access to the retaining dam as would be necessary to effectuate the repairs. The court stated that if the defendants suffered any permanent or temporary loss as a result of this project, they could obtain compensation by appropriate legislation.

Appellants now appeal the granting of this summary judgment raising the following assignments of error:

First assignment of error:

"Summary judgment, pursuant to Rule 56 of the Ohio Rules of Civil Procedure, was improperly granted to the ODNR due to the presence of an issue of material fact, upon which reasonable minds could differ."

Second assignment of error:

"The court erred in allowing the odnr [*sic*] to appropriate Diss land on behalf of CLD without a showing of public purpose."

Third assignment of error:

"The court erred in failing to address the parties standing to appropriate Diss land."

■ Appellants argue, in their first assignment of error, that several issues of material fact remain unanswered regarding the need for and location of a stilling pool; therefore, summary judgment was improperly granted. We agree with appellants that the following issues of material fact remain unanswered: whether a stilling pool is necessary; the location of a stilling pool; how much land would be "taken" by the stilling pool; how a stilling pool would impair the use of the land; and whether the impairment would amount

to a "taking" requiring a showing of public purpose. Although these issues remain outstanding, they are not issues of material fact pertinent to the case at bar.

R.C. 1521.062(C) states that:

"The attorney general, upon written request of the chief may bring an action for an injunction for any person who violates this section or to enforce an order of the chief made pursuant to this section."

In the lower court action, the state asked for an injunction at the request of the chief of the water division and therefore the only issue was whether the requirements for such an injunction were met. R.C. 1521.062 authorizes such an injunction if that section had been violated or if an order made pursuant to that section required enforcement.

Where facts are not in dispute, summary judgment should be granted when the moving party is entitled to judgment as a matter of law and reasonable minds can reach but one conclusion which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Both defendants readily admitted that they had not complied with the ODNR administrative order and therefore there was no material issue of fact regarding the need for enforcement, pursuant to R.C. 1521.062. Where the state legislature establishes a statutory injunction, that injunction must be granted by the court if the statutory requirements for injunctive relief are met. *Ackerman v. Tri–City Geriatric & Health Care, Inc.* (1978), 55 Ohio St.2d 51, 9 O.O.3d 62, 378 N.E.2d 145. The lower court properly granted the state's motion for summary judgment.

While the magnitude of the repairs needed to repair the dam may cause substantial interference with appellants' property rights and thus constitute a "taking" in the future, the state has not yet taken any property. "The mere expression or conveyance of such an intent to take private property in the future is not such a substantial interference with such property as to cause a 'taking.'" *J.P. Sand & Gravel Co. v. State* (1976), 51 Ohio App.2d 83, 89, 5 O.O.3d 239, 242, 367 N.E.2d 54, 59, paragraph three of the syllabus. Appellants admit in their brief that they do not know how much of their land is to be sacrificed to this unwanted dam. The lower court stated that it may be that such a determination needs to be made judicially. If the necessary repairs do result in a "taking" of appellants' property, they may seek damages pursuant to a separate civil action. That is not, however, the issue here.

For the foregoing reasons, appellants' first assignment of error is overruled.

In their second assignment of error, appellants argue that ODNR cannot appropriate this land, as there exists no public use upon which to base a "taking." Appellants correctly state that private rights can be taken only upon a showing of public use. However, such a showing is not necessary where there has been no appropriation. As previously stated, no "taking" of appellants' property has occurred to this point and therefore there was no reason for the court to require a showing of public purpose. The ODNR's administrative order in question required only that appellants submit design plans for repairs and then perform the repairs necessary to establish the stability of the embankment. The court's order did not allow ODNR to appropriate appellants' land on behalf of CLD, but required appellants to allow CLD onto their property in order to effectuate repairs. "The overwhelming majority of courts which have considered the issue have held the entry on to private property by a body with the power of eminent domain, for the purpose of conducting preliminary surveys and appraisals, does not amount to a 'taking' for which compensation must be awarded." *Cleveland Baker's Union v. State* (1981), 3 Ohio App.3d 57, 59, 3 OBR 67, 69, 443 N.E.2d 999, 1002. The facts of this case are similar to those of *Cleveland Baker's Union* differing only in the fact that the governmental agency was granted access to the private property in order to perform an appraisal where as here CLD was permitted entry in order to effectuate repairs.

Even if the state had been required to show a public purpose, or is required to in the future, this task has been accomplished by the language of R.C. 1521.062. That code section ensures continued operation and use of dams, dikes, and levees so that they do not constitute a hazard to life, health or property and therefore an order pursuant to this section is an order made for public purposes. Also, the ODNR determined in its inspection report that the present condition of the dam was a threat to the life and property to those who lived below it. It is hard to imagine a greater public purpose than the preservation of life.

No showing of public purpose was required as the court did not order the ODNR to appropriate this land and therefore appellants' second assignment of error is overruled.

In appellants' third assignment of error, they argue that CLD is attempting to make use of their land for its own interest and therefore the court should have addressed the parties' standing to appropriate appellants' land. If CLD had initiated the inspection and repair order, the court may have been required to address the parties' standing to appropriate appellants' land. The facts show, however, that it was the ODNR that initiated the initial inspection and issued the repair order pursuant to statute and required CLD to comply with

this order. CLD did not appropriate appellants' land in complying with the order, and the state's repair order was not, in fact, an appropriation of land. Therefore, the court was not required to address the parties' standing to appropriate appellants' land. Appellants' third assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

YOUNG, P.J., HENDRICKSON and KOEHLER, JJ., concur.