NACELLE LAND MANAGEMENT CORPORATION, Appellant,

v.

OHIO DEPARTMENT OF NATURAL RESOURCES, Appellee.

[Cite as *Nacelle Land Mgt. Corp. v. Ohio Dept. of
Natural Resources* (1989), 65 Ohio App.3d 481.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–324.

Decided Dec. 5, 1989.

*Reminger & Reminger Co., L.P.A.,* and *Nicholas D. Satullo,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, *Marilena Rinaldi Walters* and *Joyce B. Link,* for appellee.

McCormac, Presiding Judge.

Plaintiff-appellant, Nacelle Land Management Corporation, appeals the judgment of the Ohio Court of Claims granting the motion to dismiss of defendant-appellee, Ohio Department of Natural Resources, and raises the following assignment of error:

"The Court of Claims erred in dismissing the plaintiff's amended complaint."

Appellant is an Ohio corporation engaged in the business of pumping brine, waste generated from drilling oil, into underground wells. The disposal of brine is subject to environmental regulation at both the state and federal levels. At the state level, R.C. Chapter 1509 creates within the Ohio Department of Natural Resources a Chief of the Division of Oil and Gas who, in part, is responsible for the regulation of brine storage activities. Prior to commencing pumping activities, appellant was required, pursuant to R.C. 1509.22, to obtain a permit from appellee. Appellant applied for and received a permit from appellee which set forth the pumping pressure at which appellant could inject brine into its underground wells. Appellant contends that the pumping pressures allowed by appellee were less than what could have safely been permitted and, as such, resulted in a loss of profits to appellant.

Initially, appellant appealed appellee's decision to the Oil and Gas Board of Review, but before the case could be heard, appellant capped its wells and, therefore, voluntarily dismissed its appeal. Thereafter, appellant instituted this action in the Court of Claims.

Appellant's amended complaint alleges in count one an inverse condemnation resulting in a taking of its property by appellee's overregulation of pumping pressure. In count two, appellant contends that appellee tortiously interfered in its business relations, thereby causing appellant monetary loss. Appellee filed a motion to dismiss based upon lack of subject matter jurisdiction which was sustained by the Court of Claims. The Court of Claims found that, since R.C. 1509.03 provided an appeal process that was in place prior to the enactment of the Court of Claims Act, the consent-to-sue doctrine eliminated the Court of Claims as a proper forum for appellant's action. The Court of Claims went on to conclude that appellant's claims for tortious interference were barred by the doctrine of sovereign immunity.

When determining the propriety of a motion to dismiss for lack of subject matter jurisdiction, " * * * the question is whether the plaintiff [appellant herein] has alleged any cause of action cognizable by the forum." *Steffen v. General Tel. Co.* (1978), 60 Ohio App.2d 144, 145, 14 O.O.3d 111, 112, 395 N.E.2d 1346, 1348. In order to uphold the Court of Claims' dismissal, this

court must conclude, beyond doubt, that appellant can prove no set of facts in support of its claim that would entitle it to the relief for which it prays. *Conley v. Gibson* (1957), 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572. With this standard in mind, we first address appellant's contention that the Court of Claims erred by concluding that the state had previously consented to be sued.

R.C. 2743.02(A)(1) provides, in part:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *. To the extent that the state has previously consented to be sued, this chapter has no applicability."

■ Therefore, if by some other prior statutory provision the state has consented to be sued, the Court of Claims is without jurisdiction.

Before promulgation of the Court of Claims Act, the legislature enacted R.C. Chapter 1509, regulating the oil and gas industry in general and by R.C. 1509.22, the disposal of brine in particular. As previously stated, this chapter vests the Chief of the Division of Oil and Gas with the authority to grant permits for brine injection as well as discretion to regulate the pressure at which brine may be pumped. R.C. 1509.36 and 1509.37 provide an administrative appeal mechanism whereby an aggrieved party may appeal the chief's decision to the Oil and Gas Board of Review. The board's decision is then appealable to the Franklin County Court of Common Pleas. Thus, prior to the enactment of the Court of Claims Act, appellant was provided a means for the adjudication of its claims.

■ However, the exhaustion of administrative remedies may only be a defense if there is a remedy which effectuates the relief sought. *Kaufman v. Newburgh Heights* (1971), 26 Ohio St.2d 217, 55 O.O.2d 462, 271 N.E.2d 280. A party need not pursue its administrative appeal if it would be a vain act. *Bartholomew v. Ohio Dept. of Liquor Control* (Apr. 28, 1988), Franklin App. No. 88AP–59, unreported.

■ Appellant's complaint alleges an inverse condemnation due to the overregulation of pumping pressures by the Division of Oil and Gas. Before appellant's administrative appeal could be heard, it had pumped its wells full and capped them. There was no reason given in the pleadings why appellant could not wait to commence pumping until after exhausting its administrative remedies, but it is possible that appellant may be able to prove that such action was necessary. Thus, if appellant can show that brine may not be

stored but must be pumped back into wells shortly after it is originally removed, or some other extenuating circumstances, then an after-the-fact administrative decision may have been in vain. Appellant's only effective avenue of recourse in that event would be to bring an action for inverse condemnation.

Given the undeveloped state of the record at this point, it is impossible to conclude, beyond doubt, that appellant can prove no set of facts which would vest the Court of Claims with jurisdiction. It is possible that appellant may show extenuating circumstances which would render an administrative remedy vain and, therefore, leave a suit for money damages as its only recourse. The Court of Claims would then be appellant's only forum for relief because the Division of Oil and Gas is powerless to render a monetary award.

■ Appellant next argues that the Court of Claims erred by concluding that a mandamus action, brought in the court of common pleas, is the only procedurally proper method to obtain compensation for a taking. In a line of cases beginning with *J.P. Sand & Gravel Co. v. State* (1976), 51 Ohio App.2d 83, 5 O.O.3d 239, 367 N.E.2d 54, this court has concluded that an action for a taking of private property may be maintained in either the court of common pleas by way of mandamus or in the Court of Claims in an action for money damages.

Originally, in *J.P. Sand & Gravel Co., supra,* we held that the Court of Claims is without jurisdiction to entertain an appropriation proceeding. This case was followed by *State, ex rel. Edmisten, v. Jackson* (July 1, 1976), Franklin App. No. 75AP–557, unreported, and *State, ex rel. Nicholson, v. Jackson* (1977), 54 Ohio App.2d 215, 8 O.O.3d 372, 377 N.E.2d 523, which denied writs of mandamus based upon a taking and concluded that the Court of Claims was the proper forum. This confusion was resolved in the cases of *Kermetz v. Cook–Johnson Realty Corp.* (1977), 54 Ohio App.2d 220, 8 O.O.3d 375, 376 N.E.2d 1357, and *Huelsmann v. State* (1977), 56 Ohio App.2d 100, 10 O.O.3d 126, 381 N.E.2d 950, both decided on the same day. In *Huelsmann,* we stated that:

" * * * Our holding in *Kermetz* is to the effect that a landowner may bring his action claiming damages for a 'taking' either in the Court of Claims, where his bringing such an action would be determined to be a waiver of his right to a jury assessment of the damages as required by the Constitution of the state of Ohio and by the statutes, or, in the alternative, the landowner could bring his action for mandamus in a court having jurisdiction for such original actions, and seek an appropriation proceeding in which a jury would determine the damages involved in such a 'taking.' "

Therefore, the Court of Claims does have jurisdiction to entertain condemnation actions and it was error for the court to conclude otherwise.

The second count of appellant's amended complaint alleges that appellant has suffered monetary damages as a result of appellee's tortious interference with appellant's business dealings. R.C. 2743.02 abrogated the state's sovereign immunity and permitted the state to be sued in the Court of Claims and have its liability determined according to the same rules applicable to suits between private parties. The Supreme Court has interpreted this provision to mean:

" * * * [T]hat the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. * * * " *Reynolds v. State* (1984), 14 Ohio St.3d 68, 14 OBR 506, 471 N.E.2d 776, paragraph one of the syllabus.

The decision to permit appellant to inject brine into its underground wells at a specifically prescribed pressure falls squarely within the state's limited immunity from liability. When determining the proper pressure in which a brine well may be filled, the chief must take into account various geographical and geological factors which, when analyzed, assure that the brine injected will not lead to possible drinking water contamination. This decision is one involving a basic policy decision involving a high degree of judgment or discretion. The nature of the physical sciences involved could lead to differing interpretations of the proper permissible pressure. Therefore, appellant's complaint fails to state a claim which, if true, places the chief's discretion outside the scope of the state's immunity under R.C. 2743.02.

Appellant's assignment of error is sustained. The judgment of the Ohio Court of Claims is reversed and this matter is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and JOHN C. YOUNG, JJ., concur.