OPINION
This case is before us on the appeal of Donald Ogletree from a decision dismissing his Civ.R. 60(B) motion for relief from judgment. According to the record, Donald and Terrelia Ogletree were divorced on June 30, 1997. At that time, Donald was ordered to pay Terrelia $2,500 per month in spousal support until either party died, or until Terrelia remarried, whichever occurred first. No child support obligation was imposed because the parties' four children were adults.
Following the final decree, both sides filed several post-decree motions concerning the support obligation. In October, 1998, Donald filed a motion to modify his support obligation. Shortly thereafter, Terrelia filed a motion to show cause for failure to pay support. After a hearing, a magistrate filed a decision and permanent order in May, 1999, finding Donald in contempt and overruling his motion to modify support. Although the magistrate credited Donald with about $4,890 for time that he was ill and unable to work, an unexplained arrearage of $13,000 still existed. Accordingly, Donald was sentenced to thirty days in jail, with an opportunity to purge the contempt by paying $3,500 in support and an attorney fee award in full. Donald objected to the decision, but the trial court overruled Donald's objections in October, 1999. No appeal was taken from this decision.
On September 15, 1999, Terrelia filed another motion to show cause for failure to pay support. Donald then filed two more motions on May 2, 2000. The first was a motion to modify the spousal support obligation and the other was a motion for relief from judgment under Civ.R. 60(B)(5). Donald did not serve Terrelia with either motion in accordance with Civ.R. 75(J).
On May 8, 2000, the parties appeared at a hearing before a magistrate in the domestic relations court. The purpose of the hearing was to consider the motion to show cause for failure to pay spousal support, but the Civ.R. 60(B)(5) motion was also discussed in some detail at the hearing. Specifically, the magistrate indicated that he had approached the trial judge about hearing the Civ.R. 60 motion. However, the judge said he would instead take the motion under advisement.
The magistrate additionally noted that the motion had not clearly requested a hearing. Consequently, the magistrate told Donald's attorney to clarify whether he wanted a hearing on the motion. The magistrate also mentioned that Donald had filed a motion to modify support, which was not served on either Terrelia or her attorney until the morning of the hearing. In this regard, the magistrate remarked that while service on the attorney would probably have been sufficient, service on the morning of the hearing was too late for reasonable due process to have occurred. As a result, the magistrate said only the motion to show cause would be considered at that time.
Following the magistrate's remarks, Donald's attorney discussed the Civ.R.60 motion. He explained that the language in the divorce decree based spousal support on annual incomes of $100,000 for Donald and $3,000 for Terrelia. In particular, the attorney commented:
 [w]e have interpreted this to mean since both parties are in business for themselves, after expense income, after searching the actual divorce proceedings, the record, * * * we are unable to find anything in that record that would support either determination at the time the plaintiff was in fact earning the specified net income of $100,000 annually. Not even the imputed basis.
 Moreover, plaintiff's finances is [sic] in a grievous state, and even more so with [sic] obligation of this court imposed by the decree to pay monies monthly which he never had income to support. For this reason we filed a motion of [sic] 60(B).
Terrelia's attorney also discussed the Civ.R. 60(B) motion during the hearing. He admitted that he was aware of the motion and had significant discussions about it with Donald's attorney in the past week. However, he stated that he was not aware of the motion to modify spousal support, although he had discussed such a motion with Donald's prior attorney. As we mentioned, the magistrate decided to go ahead with only the motion to show cause.
Some evidence was taken at the May 10, 2000 hearing. The magistrate then continued the matter so that evidence on the remaining matters could be taken all at once. When the hearing was reconvened on August 7, 2000, the magistrate again commented on the fact that Donald had filed a Civ.R. 60(B) motion on May 2, 2000. However, the magistrate also noted that the trial court had overruled Donald's request to have the Civ.R. 60(B) motion considered at the August 7, 2000 hearing. Accordingly, the magistrate said he would hear only the motion to modify support and the motion to show cause for failure to pay support.
Terrelia did not object to the court's jurisdiction during the August 7, 2000 hearing. About a week later, the magistrate filed a decision and permanent order rejecting the motion to modify support. According to the magistrate, the evidence revealed that Donald's business assets and accounts receivable had increased since the prior contempt finding, that Donald had no health restrictions, and that he had assets to pay support. The magistrate also found Donald in contempt for the support arrearage, which was more than $29,000 by April, 2000. A sentence of indefinite incarceration was imposed, with Donald again being given the chance to purge the contempt by paying $16,000 in support and an attorney fee award of about $8,307.
Donald filed timely objections to the decision. Subsequently, the trial court held a sentencing hearing on December 21, 2000. At the sentencing hearing, the judge overruled the objections. The judge also ordered Donald to be held in jail until he paid the arrearage of approximately $28,000, and until he executed documents that would cause withdrawal of the spousal support obligation from his bank account. Finally, the judge dismissed Donald's Civ.R. 60(B) motion, based on failure of service. Donald filed a timely appeal from the December 21, 2000 decision, and now raises three assignments of error, which will be discussed below. The assignments of error themselves are quite lengthy and will be quoted at the end of this opinion.
 I
In the first assignment of error, Donald contends that his case was prejudiced by the trial court's decision to hear the motion to modify spousal support. Donald claims that he objected to going forward with this motion at the August 7, 2000 hearing, because the court's continuing jurisdiction had not been not properly invoked. Due to this alleged lack of jurisdiction, Donald claims that the trial court's decision on the motion to modify support is void ab initio. In response, Terrelia states that she waived any defect in service in connection with the motion to modify support by failing to object at the August 7, 2000 hearing. She also claims that the trial court obtained jurisdiction based on her motion to show cause (which was properly served) and Donald's own invocation of the court's continuing jurisdiction. We agree with Terrelia.
Under Civ.R. 75(J) (formerly (I):
 [t]he continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ.R. 4 to 4.6.
Under the specified sections of the Civil Rules, process is generally served personally or by certified or express mail. As we mentioned, Terrelia invoked the court's continuing jurisdiction by properly serving her motion to show cause for failure to pay support. Donald then sought to invoke the court's continuing jurisdiction with his own motion to modify support. Although he did not serve Terrelia personally or by certified mail, Terrelia appeared and voluntarily agreed to the court's continuing jurisdiction by failing to object at the hearing. Carson v. Carson (1989), 62 Ohio App.3d 670.
This case presents the unique situation of a party invoking the court's jurisdiction and then disavowing jurisdiction when an unfavorable result is obtained. Even if such a result could equitably be allowed, it is not supported by the record in this case. Specifically, we have reviewed the transcript of the August 7, 2000 hearing, and see no evidence in the record that Donald objected to the hearing going forward, based on improper service of his own motion to modify support. Instead, Donald's only objection was to the fact that a subpoena for the appearance of his own accountant was defective. Donald had called the accountant to testify, and opposing counsel apparently also issued a subpoena to compel the accountant to bring certain documents to the hearing. The dispute occurred prior to the accountant's testimony. At that time, Donald's attorney objected to the fact that the accountant had handed opposing counsel a document in the hall outside the courtroom.
In this regard, Donald's attorney argued that the document should not be admitted into evidence, even if given to opposing counsel, since the subpoena was defective. The magistrate overruled this objection and Donald then called the accountant to testify. In no way can this discussion be construed as an objection to the court's continuing jurisdiction.
Since no basis in law or the record exists to support Donald's position, the first assignment of error is overruled.
 II
In the second assignment of error, Donald contends that he was prejudiced by the trial court's delay in ruling on the Civ.R. 60(B) motion. In this regard, we note that about six months elapsed between the filing and dismissal of the Civ.R. 60(B) motion. Donald does not point to any specific prejudice that occurred. Instead, he seems to feel that the failure of service and alleged lack of jurisdiction means that the trial court had no basis for the sentencing entry and order it issued on December 21, 2000. Again, we disagree.
As we said, Donald did not object to the court's jurisdiction, and in fact, tried to invoke jurisdiction by filing a motion to modify support. Furthermore, the evidence before the court at the May 8, 2000 hearing indicated that the support arrearage at the end of April, 2000, was $29,941.93, with no payments having been made since December, 6, 1999. Therefore, without even taking into consideration the arrearage that accrued between May 2, 2000, and December 21, 2000, the trial court had ample evidence upon which to base a contempt finding. We note that Donald made no explanation for his failure to pay even part of the support that was ordered.
Moreover, if Donald felt the trial court either refused or failed to timely dispose of his motion, he had a remedy, i.e., he could have filed for a writ of procedendo. See, e.g., State ex rel. Levin v. Sheffield Lake (1994), 70 Ohio St.3d 104, 119.
Based on the foregoing discussion, the second assignment of error is without merit and is overruled.
 III
In the third assignment of error, Donald again focuses on the trial court's error in assuming jurisdiction over the motion to modify spousal support when service was not properly perfected. Although Donald's arguments are confusing, what he appears to be saying is that the court prejudicially erred by assuming jurisdiction over one motion and declining jurisdiction over the other. However, we must again disagree.
In the first place, the court's assumption of jurisdiction over the motion to modify support had no effect on the Civ.R. 60(B) motion. Assuming for the sake of argument that the trial court had granted the motion to modify support, the effect, at best, would have been to modify support retroactive to the date the motion was filed. See, e.g., Bowen v. Bowen (1999), 132 Ohio App.3d 616, 639-40. Although this time period could potentially have overlapped the period affected by a motion for relief from judgment, the grounds for the two motions were unrelated. Specifically, a change in circumstances is required for a motion to modify spousal support. R.C. 3105.18(E). In contrast, Donald's motion for relief from judgment was based on a claim that the parties had originally used incorrect income figures. Therefore, consideration of one motion had nothing to do with the other.
As a practical matter, we think what Donald is saying is that since the trial court considered one motion, it should have considered both, in all fairness. Another way of stating this is that by consenting to the court's jurisdiction over the motion to show cause and the motion to modify spousal support, Terrelia waived any objection to the court's jurisdiction over the Civ.R. 60(B) motion. With this particular point, we do agree. See Carson, supra, 62 Ohio App.3d at 670 (finding that ex-wife invoked court's continuing jurisdiction with her own motion for non-support, and waived objections to the court's jurisdiction over her ex-husband's motion to modify the dissolution decree), and Darden v. Darden (May 2, 1996), Cuyahoga App. Nos. 69322, 69453, unreported, 1996 WL 221163, p. 2 (ex-husband waived objection to jurisdiction by appearing and litigating contempt motion. He also invoked the court's jurisdiction by filing his own motion to modify support).
The evidence of waiver is particularly strong in the present case. As we mentioned earlier, the Civ.R. 60(B) motion was discussed at length during two hearings. These hearings were on the record, and Terrelia was present. Moreover, the grounds for the Civ.R.60(B) motion were also discussed. At no time did Terrelia object to the court's continuing jurisdiction. In fact, she invoked the court's jurisdiction for her own purposes. Accordingly, the trial court did err in dismissing the Civ.R. 60(B) motion for failure of service.
As an additional point, we note that some courts have held that the service requirements of Civ. 4. 4 to 4.6 do not apply to Civ.R. 60(B) motions for relief from judgment that are filed in domestic relations cases. See, Szymczak v. Szymczak (2000), 136 Ohio App.3d 706, 712, and McKinnon v. McKinnon (1983), 9 Ohio App.3d 220, 221.
Because the trial court erred in dismissing Donald's motion to set aside the judgment, we reluctantly conclude that the trial court decision must be reversed. However, the reversal is limited just to the dismissal of the motion for relief from judgment. Our reluctance stems from the fact that the motion did not allege operative facts indicating that Donald was entitled to relief from judgment. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Specifically, the motion before the trial court stated as grounds that "it is not justice to be ordered * * * to pay spousal support at a level not reflective of income earned." No affidavit was filed with the motion, other than an affidavit of income and expenses. The affidavit indicated that Donald's "net business income" for the past year was $14,199, and his gross rental income (excluding expenses) for the year was $5,370. Donald also listed monthly expenses of about $10,823.47, including such items like $700 for electric, $302 for telephone (basic monthly charge), $200 for lawn service, $500 for "sports," $675 for "gifts," and $166 for vacations. Donald also indicated that he was assisted in his living expenses by a "friend."
Beyond the ridiculous nature of some of these expenses, at a time when minimal attempts to comply with the support order were not being made, the fact is that the affidavit mentioned only Donald's current income and expenses. However, Donald's current income has nothing to do with the June 30, 1997 final decree, and does not show entitlement to vacate a judgment filed three years earlier. On the other hand, Donald's counsel did say at the hearing that the original income calculations were incorrect. Since this may arguably raise a ground for relief, we cannot simply affirm on the basis of harmless error. Whether the motion justifies relief or even an evidentiary hearing is a matter for the trial court to decide in the first instance.
Based on the preceding analysis, the third assignment of error is sustained. Accordingly, the decision of the trial court dismissing the Civ.R. 60(B)(5) motion for relief from judgment is reversed and remanded for further proceedings. In all other respects, the judgment is affirmed.
GRADY, J., and YOUNG, J., concur.
The following is a verbatim recitation of the assignments of error:
 I. The Lower Court erred in rendering judgment in the sentencing entry and order issued December 21, 2000, against appellant on the basis that:
 The appellant's case was prejudiced by the Court's validation of the service of the Motion to Modify Spousal Support as compliant with Ohio Civil Rules 75(I) and (J) when appellant filed a second motion, Motion 60(B) at the same time as filing the Motion to Modify, May 2, 2000, and the service on neither motion was in compliance with Ohio Civil Rule 75(J).
 II. The Lower Court erred in rendering judgment in the sentencing entry and order issued December 21, 2000, against appellant on the basis that:
 The appellant's case was prejudiced by the lapse of time taken for the Court to rule, which time was May 2, 2000, through December 21, 2000, when on this latter date the Court dismissed appellant's Motion 60(B) for want of jurisdiction on the basis that counsel failed to file said motion in accordance with Civil Rule 75(J), notwithstanding the fact that the Court had already adjudicated on August 7, 2000, appellant's Motion to Modify Spousal Support filed at the same time and manner as appellant's Motion 60(B).
 III. The Lower Court erred in rendering judgment in the sentencing entry and order issued December 21, 2000, against appellant on the basis that: The Court adjudicated appellant's Motion to Modify Spousal Support, which it did not have the authority to do since appellant's said motion was not in compliance with Ohio Civil Rule 75(J), thereby not allowing the Court to invoke its original jurisdiction and thereby preventing the Court from being able to impose any penalties against plaintiff for his alleged failure to pay spousal support as previously ordered.