AKRON-SELLE COMPANY, APPELLEE, *v.* CITY OF AKRON, APPELLANT.

(No. 7500—Decided December 4, 1974.)

*Mr. William R. Baird* and *Mr. James R. Graves,* for appellant.

*Brouse & McDowell Co., L. P. A.* and *Mr. Norman S. Carr,* for appellee.

MAHONEY, J. During the period of 1970-71, the city of Akron constructed the Main-High Street viaduct. This was accomplished by elevating the three most westerly lanes

of this north-south thoroughfare, leaving the fourth, and most easterly lane, at the established grade. The plaintiff's property abuts on the easterly side of this 14 foot lane.

Plaintiff's delivery dock sets back 40 feet from the seven foot wide sidewalk (which runs along the easterly line of the roadway). There is a four and one-half foot wide raised sidewalk on the westerly line that abuts the bridge. Plaintiff claims that delivery trucks, particularly tractor-trailer units, have a difficult time manuevering into the dock for its manufacturing plant. It claims this improvement has materially affected its right of ingress and egress. In the construction of the viaduct, no "physical" land of the plaintiff was appropriated.

Plaintiff filed a complaint seeking damages in its first cause of action and, in its second cause of action, a declaration that a *pro tanto* appropriation had occurred, and for equitable relief by reason thereof.

The trial court entered the following findings:

"3. Based upon the evidence presented reasonable minds could differ on the question of whether the Plaintiff's access on High Street has been substantially or materially impaired.

"4. Only if the Court must determine the question as a matter of law, the Court finds that the access of the Plaintiff to High Street has been substantially and materially impaired and to that extent there has been a *pro tanto* taking by the Defendant.

"It being the opinion of the Court that the question is one of law for the Court and not a question of fact for a jury, it is ordered that the Defendant commence appropriation proceedings within a reasonable time. Judgment for costs is rendered in favor of the Plaintiff."

The defendant, the city of Akron, has appealed, claiming as error:

"1. The trial court erred by ordering defendant to commence appropriation proceedings in view of a specific finding that 'reasonable minds could differ on the question of whether the plaintiff's access on High Street has been substantially or materially impaired.'

"2. The trial court's finding and order requiring defendant to file an appropriation action against plaintiff is against the manifest weight of the evidence and is contrary to law."

In effect, the issues are: (1) what is the proper remedy of the property owner and (2) what procedure should the court follow under the facts of this case?

We regard the plaintiff's second cause of action as one in mandamus, which we hold to be the proper remedy. In the mandamus action, it is for the court, as the trier of fact and law, to determine if there was a *pro tanto* taking of the owner's property without compensation. The test is whether there is a substantial, material and unreasonable interference with the physical access to or from the property. *State, ex rel. Merritt,* v. *Linzell* (1955), 165 Ohio St. 97; *State, ex rel. McKay, Exr.,* v. *Kauer* (1951), 156 Ohio St. 347. An order for a writ of mandamus is, obviously, a final appealable order.

We have reviewed the record in this case and find there was sufficient probative evidence before the trial court to determine that there was, in fact, a *pro tanto* appropriation of plaintiff's access to its property.

We are of the further opinion that the city of Akron must commence its action in appropriation. In such an action (appropriation) the only issue before the court will be a determination of the amount of compensation and damages to the property owner. *Thormyer* v. *Irvin* (1960), 170 Ohio St. 276. The award of compensation set by the jury is appealable. In the present appeal, we do not have before us the question of whether there was a take, because it was decided in the mandamus action. *Preston* v. *Weiler* (1963), 175 Ohio St. 107

The judgment of the trial court is, therefore, affirmed and the matter is remanded to the trial court for further proceedings under the writ of mandamus.

*Judgment affirmed.*

VICTOR, P. J., and HUNSICKER, J., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.