OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

[The State ex rel.] Levin et al., Appellants, v. City of Sheffield Lake et al., Appellees.
[Cite as State ex rel. Levin v. Sheffield Lake (1994),
Ohio St.3d      .]
Mandamus to compel judge to determine date property was taken
     for public use and to require city to commence
     appropriation proceedings -- Writ denied, when.
     (No. 93-904 -- Submitted May 16, 1994 -- Decided August
24, 1994.)
     Appeal from the Court of Appeals for Lorain County, No. 91CA005225.

     Relators-appellants, Arnold S. Levin, Frank K. Levin, and Fifth Street Realty Co., Inc. ("the Levin Group"), are the owners of certain property in Sheffield Lake, Ohio.  The property is situated along the "Day Ditch," a natural watercourse that is apparently used for drainage as part of the city's storm sewer.

     In 1984, the Levins and a former owner of the property sued Thomas O. Jordan, another landowner along the Day Ditch, for having obstructed the flow of water in 1969 and causing the Levin Group's property to flood and erode.  They brought a second count in the same action against respondent-appellee city of Sheffield Lake for (1) having acquiesced in the changes made to Jordan's land, and (2) creating a retention basin on their property in 1982 during attempts to correct the flooding.  This suit is currently pending before respondent-appellee Judge Edward Zaleski in the Lorain County Common Pleas Court as Prince et al. v. Jordan et al., case No. 93768-84 ("Prince").  The Prince action prays for $50,000 in damages and a mandatory injunction or a writ of mandamus that orders the city to commence appropriation proceedings.

     Judge Zaleski scheduled the Prince case for trial on October 30, 1991.  One week before trial, the Levin Group filed the instant action for further extraordinary relief in the Court of Appeals for Lorain County.  The Levin Group asked for a writ of mandamus to order Judge Zaleski to determine the date its property had been taken for public use, and to require Sheffield Lake to commence appropriation proceedings.  The

appropriation proceedings were to include, in particular, (1) compliance with R.C. 163.06 (deposit of property value as determined by appropriating agency), which the Levin Group claimed would require the city's deposit of the $23,000 it had offered in 1990 to settle the Prince case; and (2) compliance with R.C. 163.14 (jury to determine value of property), which, according to the Levin Group, required separate trials on the issues of the value of property appropriated by Sheffield Lake and Jordan's liability. The Levin Group also asked for writs of prohibition and procedendo to achieve the same results.

On cross-motions for summary judgment, the court of appeals granted summary judgment for the city and denied all relief to the Levin Group. The court held:

"Relators brought a similar action in the Lorain County Court of Common Pleas on September 4, 1984. That case was originally scheduled for trial on October 30, 1991, but has not been heard due to the filing of this action in the Court of Appeals.

"Because a prior action is pending between the same litigants, involving the same subject matter, a mandamus proceeding in this Court to try to control the orders of the court wherein the case is pending is barred. State ex rel. Commercial Investors Corp. v. Zangerle (1933), 126 Ohio St. 247 [185 N.E. 69]."

The cause is before the court upon an appeal as of right.

Arnold S. Levin, for appellants.
Timothy T. Smith, for appellee Sheffield Lake.
M. Robert Flanagan, for appellee Judge Zaleski.

Per Curiam. For a writ of mandamus to issue, the Levin Group must prove that it is entitled to the performance of a clear legal duty and that it has no adequate remedy in the ordinary course of the law. State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections (1993), 67 Ohio St.3d 134, 136-137, 616 N.E.2d 869, 871.

A writ of procedendo is "'an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment,'" but one that never attempts to control how the inferior court rules. State ex rel. Utley v. Abruzzo (1985), 17 Ohio St.3d 203, 204, 17 OBR 439, 440, 478 N.E.2d 789, 790. Procedendo will not issue unless a clear right to relief exists, State ex rel. Ratliff v. Marshall (1972), 30 Ohio St.2d 101, 102, 59 O.O.2d 114, 115, 282 N.E.2d 582, 584, and no adequate remedy at law is available. Utley, supra.

A writ of prohibition requires proof that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, that the exercise of that power is unauthorized by law, and that denying the writ will result in injury for which there is no other adequate remedy in the ordinary course of law. State ex rel. Ruessman v. Flanagan (1992), 65 Ohio St.3d 464, 465, 605 N.E.2d 31, 33.

The Levin Group's position is, essentially, that (1) Judge Zaleski has a duty to conduct separate trials on the issues of Jordan's liability and the city's possible appropriation of the flooded land along the Day Ditch, with the value of any property appropriated to be determined by a jury; and (2) it

has no adequate remedy in the ordinary course of law. In a secondary argument, the Levin Group also claims that the court of appeals erred in failing to strike the answers of Judge Zaleski and the city as shams pursuant to Civ.R. 11. Sheffield Lake urges us to affirm the denial of extraordinary relief because (1) the Levin Group has an adequate remedy via the Prince case, and (2) the city has not appropriated the Levin Group's property.1

These arguments raise the following questions for our review: (1) Does Judge Zaleski have a duty to determine if the Levin Group's property was appropriated and, if so, the date of appropriation? (2) Does Judge Zaleski have a duty to compel initiation of appropriation proceedings, including a jury trial to determine property value and the deposit required by R.C. Chapter 163? and (3) Does the Levin Group have an adequate remedy such that the court of appeals properly denied the writs of mandamus, prohibition, and procedendo? For the reasons that follow, we hold that mandamus lies to determine if property has been appropriated and to compel initiation of statutory proceedings, but that the action already filed before Judge Zaleski is an adequate remedy in the ordinary course of law. We, therefore, affirm the court of appeals' judgment and deny the extraordinary relief requested here.

### Duty to Determine Appropriation and to Compel Appropriation Proceedings

In its first, second, third, and fifth propositions of law, the Levin Group contends that the court of appeals erred in granting summary judgment for Sheffield Lake and denying writs of mandamus, prohibition, and procedendo. Basically, it argues that evidence conclusively establishes the appropriation of its property and, therefore, this material fact is not in dispute. The Levin Group further argues that it is entitled to the institution of appropriation proceedings under R.C. 163.01 et seq., including the statutorily required deposit and jury trial, and, thus, to judgment as a matter of law. See Civ.R. 56(C)

The Levin Group's proof consists of (1) city council minutes mentioning the $23,000 settlement offer, (2) an order entered in Prince to the effect that a retention basin had been created on the Levin Group's property, and (3) the argument that paragraphs of both of appellees' answers are shams and should be stricken pursuant to Civ.R. 11. However, neither a settlement offer nor an observation of flooded property is conclusive as to the city's having appropriated it, particularly where, as here, the city denies the appropriation. Moreover, the answers filed by the city and Judge Zaleski might have been drawn more precisely, but they are not so flagrantly false or in violation of the good faith requirement of Civ.R. 11 that the court of appeals abused its discretion by not striking them. See State ex rel. Fant v. Sykes (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966. Thus, we are not convinced that these material factual issues are settled between the parties.

To establish its right to the commencement of appropriation proceedings, the Levin Group cites Masley v. Lorain (1976), 48 Ohio St.2d 334, 2 O.O.3d 463, 358 N.E.2d 596, which recognized that flooding caused by construction of

municipal storm sewers may be a public use that excludes or restricts the use of land and gives the landowner "a right to compensation for the property taken under Section 19, Article I of the Ohio Constitution."  Id. at syllabus.  Similarly, Lucas v. Carney (1958), 167 Ohio St. 416, 5 O.O.2d 63, 149 N.E.2d 238, holds that when public improvements increase the flow of surface water onto private property, overflowing and inundating it, a claim of pro tanto (or partial) appropriation is raised, and the property owner is entitled to a jury's determination of compensation due in accordance with constitutional requirements.  Accord J.P. Sand & Gravel Co. v. State (1976), 51 Ohio App.2d 83, 89, 5 O.O.3d 239, 242, 367 N.E.2d 54, 59, and Nacelle Land Mgt. Corp. v. Ohio Dept. of Natural Resources (1989), 65 Ohio App.3d 481, 485-486, 584 N.E.2d 790, 793.

The Levin Group's argument that juries are limited in appropriation proceedings to assessing the value of appropriated property is supported by Masheter v. Boehm (1974), 37 Ohio St.2d 68, 77, 66 O.O.2d 183, 188, 307 N.E.2d 533, 540; In re Appropriation of Easement for Hwy. Purposes (1963), 175 Ohio St. 107, 112, 23 O.O.2d 395, 398, 191 N.E.2d 832, 836; In re Appropriation of Easements for Hwy. Purposes (1960), 170 Ohio St. 276, 10 O.O.2d 332, 164 N.E.2d 420, paragraph one of the syllabus; Akron-Selle Co. v. Akron (1974), 49 Ohio App.2d 128, 130, 3 O.O.3d 186, 188, 359 N.E.2d 704, 706; Middletown v. Campbell (1984), 21 Ohio App.3d 63, 66, 21 OBR 66, 70, 486 N.E.2d 208, 212; and Masheter v. Benua (1970), 24 Ohio App.2d 7, 9, 53 O.O.2d 89, 90, 263 N.E.2d 403, 405.  The amount of compensation to be paid for such property depends, in part, on the "date of take," which is usually the the date of trial or the date of physical appropriation.  Evans v. Hope (1984), 12 Ohio St.3d 119, 120, 12 OBR 161, 162, 465 N.E.2d 869, 871.

Moreover, we have held that mandamus is the vehicle for compelling appropriation proceedings by public authorities where an involuntary taking of private property is alleged. State ex rel. McKay v. Kauer (1951), 156 Ohio St. 347, 46 O.O. 204, 102 N.E.2d 703, paragraph three of the syllabus; Wilson v. Cincinnati (1961), 172 Ohio St. 303, 306, 16 O.O.2d 71, 73, 175 N.E.2d 725, 727; In re Appropriation, supra, 175 Ohio St. at 111, 23 O.O.2d at 398, 191 N.E.2d at 836.  In such actions, the court, as the trier of fact and law, must determine whether any property rights of the owner have been taken by the public authority.  Akron-Selle, supra, at 130, 3 O.O.3d at 187, 359 N.E.2d at 705, and see, e.g., State ex rel. Merritt v. Linzell (1955), 163 Ohio St. 97, 56 O.O. 166, 126 N.E.2d 53, and McKay, supra.

The foregoing authority establishes that appropriation proceedings may be compelled through mandamus, but that the court must initially determine that the pertinent property has been appropriated for public use.  Thus, if Judge Zaleski were to find, in the course of deciding the Prince case, that the Levin Group's property has been taken by Sheffield Lake, he may issue a writ of mandamus and order the city to commence appropriation proceedings.

## Adequate Remedy

But the availability of mandamus to commence appropriation proceedings does not establish that the court of appeals erred in refusing to grant extraordinary relief to the Levin Group.

Rather, where mandamus has been granted for this purpose, the issue of whether property had been appropriated was determined by the first court in which the writ was requested. By contrast, the Levin Group seeks that determination here in a second mandamus action, the goal of which is to trump its request for essentially the same relief, based on the same facts and law, in the previously filed Prince case.

The court of appeals recognized the Levin Group's purpose when it denied mandamus on the ground that the writ could not be used to control or review Judge Zaleski's rulings in Prince, particularly his decision to schedule a jury trial for October 30, 1991. The court's conclusion conforms to R.C. 2731.03, which states:

"The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion."

Moreover, the principle is well settled that appeal, not mandamus or prohibition, is the remedy for the correction of errors. In State ex rel. Woodbury v. Spitler (1973), 34 Ohio St.2d 134, 137, 63 O.O.2d 229, 231, 296 N.E.2d 526, 528, we explained:

"Extraordinary remedies, i.e., mandamus [and] prohibition * * *, are available only when the usual forms of procedure are incapable of affording relief. They may not be employed before trial on the merits, as a substitute for an appeal for the purpose of reviewing mere errors, or irregularities in the proceedings of a court having proper jurisdiction * * *."

Similarly, in State ex rel. Utley v. Abruzzo, supra, 17 Ohio St.3d at 204, 17 OBR at 440, 478 N.E.2d at 791, we denied a writ of procedendo to reverse, in effect, a trial court's decision in a tort action to conduct separate trials on the issues of liability and damages due to the availability of an appeal at the conclusion of the proceedings. We held that "it is axiomatic that a direct appeal as of right constitutes a plain and adequate remedy in the ordinary [course] of the law." We also disapproved of litigants who request extraordinary writs to gain immediate review of and interfere with court procedure. Id. at 204-205, 17 OBR at 440, 478 N.E.2d at 791.

The Levin Group does not dispute the existence of the Prince case or that an appeal will be available once Judge Zaleski issues a final judgment in that matter. In its fourth proposition of law, however, the Levin Group complains that the Prince case has been pending since 1984.

An inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy. Thus, the court of appeals might have had some cause for issuing a writ of procedendo to compel a final judgment or, at a minimum, to order an expedited resolution in the Prince case. But this is not the relief requested by the Levin Group, which seeks instead a superior court's review of procedure in Judge Zaleski's court. Moreover, the court of appeals observed that the Levin Group, itself, is at least partially responsible for the delay, as proceedings in the Prince case have apparently been on hold, on the Levin Group's request, since the instant action was filed in the court of appeals.

## Conclusion

The court of appeals granted summary judgment for Sheffield Lake and denied extraordinary relief because the Levin Group did not dispute that Prince was pending before Judge Zaleski. Implicitly, the court recognized that potential errors of Judge Zaleski were subject to appeal, and that appeal is an adequate remedy. We agree. The court of appeals' denial of writs of mandamus, prohibition, and procedendo, therefore, is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTES

1    The city also raises the defense of laches, arguing that the Levin Group delayed unreasonably in seeking a writ of mandamus because "[i]t has been nine years since the city cleaned out Day Ditch." We see no basis for applying this doctrine because the Prince case was filed in 1984, two years after the city's work on the Day Ditch, and the instant complaint was filed a week before that suit was to be tried.