[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 1212.]

THE STATE EX REL. DAVIE *v.* CALLAHAN, JUDGE.

[Cite as *State ex rel. Davie v. Callahan*, 1997-Ohio-106.]

*Motion to dismiss sustained.*

(No. 97-1826—Submitted October 20, 1997—Decided December 10, 1997.)

IN PROCEDENDO.

ON MOTION TO DISMISS.

———————————

*Michael D. Davie, pro se.*

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *Paul Michael Maric*, Assistant Prosecuting Attorney, for respondent.

———————————

{¶ 1} The motion to dismiss is sustained, and the cause is dismissed.

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, COOK and LUNDBERG STRATTON, JJ., dissent.

———————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 2} I respectfully dissent. *Based on the record before this court*, I would grant relator Michael Davie's petition for a writ of procedendo.[1]

{¶ 3} Davie filed a motion for postconviction relief on April 4, 1996. On December 12, 1996, Davie filed a motion to amend his motion for postconviction relief. On January 21, 1997, the respondent ordered that Davie's "*motion to amend* Petition for Post-conviction relief * * * is not well taken and is hereby denied." (Emphasis added.)

---

1. I recognize that the record before this court is limited to the parties' brief and attachments.

**{¶ 4}** On June 5, 1997, Davie filed a petition for a writ of procedendo seeking to compel the court to rule on his motion for postconviction relief. On June 6, 1997, the court denied Davie's petition for a writ of procedendo. In the order the court stated, "IT IS HEREBY ORDERED that the Defendant's Motion is without merit and is hereby DENIED. The Defendant's post-conviction relief was denied on 1/21/97 and is dispositive as to both this motion and the preceding motion for summary judgment."

**{¶ 5}** An examination of the court's January 21, 1997 order reveals that it denied *only* the *motion to amend*. Therefore, Davie's motion for postconviction relief has now been pending for almost a year.[2] A year is an excessive amount of time for a motion to remain pending absent extraordinary circumstances. Further, it does not appear that the respondent intends to rule on the motion in that the respondent believes that Davie's motion was denied in the January 21, 1997 order.

**{¶ 6}** A writ of procedendo may lie where an inferior court fails to timely dispose of a pending action. *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 110, 637 N.E.2d 319, 324. Accordingly, since the respondent has failed to timely rule upon Davie's motion and Davie has no other plain and adequate remedy in the ordinary course of law, I would issue a writ of procedendo in this case.

PFEIFER and COOK, JJ., concur in the foregoing dissenting opinion.

————————————

2. In *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 35, 656 N.E.2d 332, 333-334, this court essentially held that the determination of whether a court unduly delayed ruling on a motion should be measured from the date of the last motion filed by the petitioner which pertains to the original motion (excluding any motions to compel or motions seeking writs). In the case at bar, I would determine that date to be December 12, 1996, which is the date that Davie filed the motion to amend his motion for postconviction relief.