JOURNAL ENTRY AND OPINION
On December 17, 2001, the relator, Gregory McDougall, commenced this procedendo action against the respondent, Judge Daniel O. Corrigan, to compel the judge to rule on his motion to vacate sentence in State v.McDougall, Cuyahoga County Court of Common Pleas Case No. CR-328342, which was filed October 29, 2001. On January 11, 2002, the respondent, through the Cuyahoga County Prosecutor, filed a motion to dismiss. Attached to the motion to dismiss is the sentencing journal entry filed on January 29, 1999 from State v. McDougall, supra. For the following reasons, we deny both the respondent's motion to dismiss and the writ for procedendo.
A petition for a writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Miley v. Parrot (1996),77 Ohio St.3d 64, 671 N.E.2d 24. "An inferior court's refusal to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy." State ex rel. Dehler v. Sutula (1995), 74 Ohio St.3d 33,656 N.E.2d 332 quoting State ex rel. Levin v. Sheffield Lake (1994),70 Ohio St.3d 104, 637 N.E.2d 319.
In State ex rel. Smith v. McGettrick (1984), 12 Ohio St.3d 54,465 N.E.2d 411, the court stated:
 "R.C. 2953.21 through 2953.23 provide no exact timetable for determinations or hearings on petitions seeking postconviction relief pursuant to its provisions. Considering the times for pleading allowed by the statutes, a period of approximately two months between the filing of the petition in the trial court and the filing of this mandamus action is not a sufficient length of time to require the extraordinary remedy of mandamus."
Similarly, we find in this matter that a time lapse of less than two months is not so unreasonable as to invoke the extraordinary writ of procedendo. See also Sup.R. 40(A). We also deny the respondent's motion to dismiss as the attached sentencing journal entry is not responsive to relator's motion to vacate sentence.
Furthermore, we find that relator has failed to comply with R.C. 2969.25
which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
Accordingly, we deny the writ for procedendo and respondent's motion to dismiss. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
MICHAEL J. CORRIGAN, P.J., AND KENNETH A. ROCCO, J., CONCUR.