ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Kevin Harris appeals from the order of the trial court which denied his motion to file an amended complaint. For the reasons set forth below, we affirm.
 {¶ 2} On October 22, 2001, Henry Pettigrew II and plaintiff Kevin Harris filed a complaint against the Cleveland Municipal School District, Superintendent Barbara Byrd-Bennet, the School Board, and various school district officials. Plaintiffs asserted that defendants breached their contracts of employment by failing to provide them with timely written notice of their intention not to terminate their Assistant Principal Employment Contracts for the 2001-2002 school year and by reassigning them to classroom teaching positions. They further asserted that they had relied to their detriment upon defendants' promise of employment as assistant principals for a three year period.
 {¶ 3} On January 30, 2002, the court ordered that dispositive motions were to be filed by June 5, 2002, discovery could not proceed after August 5, 2002, and that trial would be held on September 17, 2002. The parties moved for summary judgment on August 12, 2002, and trial was later rescheduled to November 5, 2002. On October 4, 2002, plaintiffs filed a motion for leave to file "amended and supplemental pleadings." Within this document, plaintiffs sought to amend their complaint to assert violations of R.C. 3319.02, negligence, and retaliatory discharge. Plaintiff Harris alleged that he learned on July 8, 2002, that his services as a substitute teacher in the district would not be necessary during the 2002-2003 school year and was informed on April 23, 2002, that he would not be employed as an administrator during the 2002-2003 school year.
 {¶ 4} The trial date was subsequently continued and, on August 4, 2003, the trial court denied the motions for summary judgment, denied plaintiffs' motion to file amended and supplemental pleadings, and set the matter for trial on October 20, 2003. The parties subsequently agreed that there were no genuine issues of material fact and asked the court to reconsider its rulings on the summary judgment motions. Thereafter, on December 23, 2003, the trial court granted defendants' motion for summary judgment as to plaintiff Kevin Harris. Henry Pettigrew II accepted a settlement offer from defendants.
 {¶ 5} Plaintiff Kevin Harris now appeals and assigns two errors for our review which we will address out of their predesignated order. Plaintiff's second assignment of error states:
 {¶ 6} "* * * The lower court erred by unreasonably delaying its ruling on Plaintiff-Appellant's leave to file amended and supplemental pleadings when the ruling came ten months after the motion to amend was filed"
 {¶ 7} Where a party believes that the trial court either refused or failed to timely dispose of his motion, the proper remedy is to file for a writ of procedendo. See, e.g., State ex rel. Levin v. Sheffield Lake
(1994), 70 Ohio St.3d 104, 119, 637 N.E.2d 319. In any event, this claim was rendered moot following the denial of the motion.
 {¶ 8} The second assignment of error is without merit.
 {¶ 9} Plaintiff's first assignment of error states:
 {¶ 10} "* * * The lower court erred in denying [the] motion for leave to file amended and supplemental pleadings to his original complaint when Ohio Civil Rule 15 mandates that leave to amend be freely given."
 {¶ 11} Amended complaints are controlled by Civil Rule 15, which states in pertinent part:
 {¶ 12} "A party may amend his pleading once, as a matter of course, at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. (Emphasis added.)"
 {¶ 13} "[W]here it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion. * * *." Peterson v. Teodosio (1973),34 Ohio St.2d 161, 175, 297 N.E.2d 113. An attempt to amend a complaint "following the filing of a motion for summary judgment raises the spectre of prejudice." Johnson v. Norman Malone Assoc., Inc. (Dec. 20, 1989), Summit App. No. 14142.
 {¶ 14} The appellate review of a trial court's decision regarding a motion to amend consists of determining whether the trial judge's decision was an abuse of discretion, not whether it was the same decision that the appellate judges might have made. Wilmington Steel Products,Inc. v. Cleveland Electric Illuminating Co. (1991), 60 Ohio St.3d 120, 122,573 N.E.2d 622, citing State ex rel. Wargo v. Price (1978),56 Ohio St.2d 65, 381 N.E.2d 943.
 {¶ 15} An abuse of discretion amounts to more than an error of law or judgment but instead implies an attitude that is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144.
 {¶ 16} In Schaeffer v. Nationwide Mut. Ins. Co., Green App. No. 2001-CA-131, 2002-Ohio-4811, the court concluded that the trial court did not abuse its discretion where it denied a motion to amend a complaint which was filed approximately one month prior to the scheduled trial date. The Court stated:
 {¶ 17} "The trial date in this matter was scheduled for September 10, 2001, and Schaeffer filed her motion to amend the complaint on August 2, 2001, just slightly over one month prior to trial. The court in FrayardSeed Inc. v. Century 21 Fertilizer and Farm Chemicals (1988),51 Ohio App.3d 158, 165, 555 N.E.2d 654, noted that the most important factor in deciding whether to grant or deny a motion to amend is actual prejudice to the opposing party. In this case, the proposed amendment would have undoubtedly compelled another round of discovery geared toward the new cause of action, causing an expenditure of time and money that, in major part, would have been unnecessary had these issues been brought forth earlier.
 {¶ 18} "The untimeliness of the filing is a legitimate reason for a court to deny leave, and we cannot conclude the trial court displayed an arbitrary, unreasonable, or unconscionable attitude in denying the motion. Accordingly, this assignment of error is overruled."
 {¶ 19} In this matter, the plaintiffs' motion to file "amended and supplemental pleadings" was filed approximately one month before the scheduled trial date and was therefore untimely. Because dispositive motions had been filed, prejudice to the opposing party was likely. Moreover, the "amended and supplemental pleadings" actually set forth claims pertaining to the 2002-2003 school year whereas the original complaint pertained to the 2001-2002 school year. The new allegations would therefore be determined by their own set of facts, rather than the facts of the original complaint, and would have required additional discovery, outside the deadline imposed by the court. Accordingly, we cannot conclude that the trial court abused its discretion in denying the motion.
 {¶ 20} The first assignment of error is without merit.
Affirmed.
It is ordered that appellees recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Calabrese, JR., J., Concur.