No.  04-4234
File Name:  05a0990n.06
Filed:  December 20, 2005

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| SHELLY MATERIALS, INC., | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| BOARD OF ZONING APPEALS, | ) COURT FOR THE SOUTHERN |
| CLARK COUNTY, OHIO, *et al.*, | ) DISTRICT OF OHIO |
| | ) |
| Defendants-Appellees, | ) |

Before:      **NELSON**, **DAUGHTREY**, and **SUTTON**, Circuit Judges.

**DAVID A. NELSON**, Circuit Judge.  The plaintiff, a company that sought to engage in the commercial exploitation of sand and gravel deposits on its property, sued the defendant board of zoning appeals on constitutional claims arising from the denial of an application for a conditional use permit.  The district court dismissed a Fifth and Fourteenth Amendment "takings" claim without prejudice on the ground that the claim was not ripe.  The remaining substantive claims, based on alleged violations of the Due Process and Equal Protection clauses, were dismissed with prejudice.

The plaintiff appealed, but it also initiated state court proceedings to obtain just compensation.  Those proceedings remain pending.

When the appeal from the district court's judgment came on for oral argument, the plaintiff effectively acknowledged that its federal takings claim is not currently ripe for adjudication. The plaintiff also told us that an award of just compensation in state court would obviate any need for us to address the remaining claims. Accordingly, we shall affirm the dismissal of the takings claim without prejudice and, as to the remainder of the appeal, direct that the appeal be removed from the active docket of this court subject to possible reinstatement at a later time.

I

In March of 1998 the plaintiff, Shelly Materials, Inc., purchased about 300 acres of land in Clark County, Ohio, for the purpose of mining sand and gravel deposits. The property is located in an agricultural zoning district. Under the county's zoning regulations, mineral extraction is a conditionally permitted use of the property. Such use requires approval of the Clark County Board of Zoning Appeals.

Shelly applied for a conditional use permit in February of 1999. It later asked that the application be suspended so that it could address traffic concerns raised by members of the public. After designing, and obtaining options to lease the land on which to build, a private, below-grade access road that would connect its property directly to a state highway, Shelly resubmitted its application. The Board of Zoning Appeals conducted public hearings on the matter in January, February, March, and April of 2001.

The Board denied Shelly's application on the ground that it had not satisfied certain criteria identified in § 129 of Chapter 7 of the Clark County zoning regulations. Specifically, the Board found that Shelly had not demonstrated (1) that the mining operation would not be detrimental to surrounding properties; (2) that all equipment would be maintained and used in a manner that minimizes noise, vibration, and dust; (3) that the operation would be carried out in a manner that minimizes noise, vibration, and dust; and (4) that the access road would be maintained in a dust-free condition.

Shelly appealed to the Clark County Court of Common Pleas. The court affirmed the denial of the application, holding that the Board's decision was supported by a preponderance of reliable, probative, and substantial evidence.

Shelly appealed that decision to the Ohio Court of Appeals. The appellate court found "a complete lack of evidence" to support the Board's findings with respect to noise, vibration, and dust. *Shelly Materials, Inc. v. Daniels*, No. 2002-CA-13, 2003 WL 77176, at *7-9 (Ohio Ct. App. Jan. 10, 2003). The court also found a lack of evidence that Shelly's operation would have a detrimental effect on groundwater or on local traffic. See *id.* at *9-11. But the court held there was sufficient evidence of a detrimental effect on property values to support the denial of Shelly's application. See *id.* at *12-16. The Ohio Supreme Court declined to review the court of appeals' decision. See *Shelly Materials, Inc. v. Daniels*, 788 N.E.2d 647 (Ohio 2003).

Shelly then sued the Board (and the county's zoning inspector) in federal district court. Asserting Fifth and Fourteenth Amendment claims under 42 U.S.C. § 1983, Shelly alleged that the denial of its application was an unconstitutional taking, that the Clark County zoning regulations are unconstitutional on their face and as applied to Shelly, that it had been deprived of substantive and procedural due process, and that it had been denied equal protection of the law. Shelly sought damages, declaratory relief, and an injunction requiring the Board to grant its application for a conditional use permit.

The Board moved for summary judgment, and a magistrate judge recommended that the motion be granted. The magistrate concluded that Shelly's takings claim was unripe because Shelly had not sought just compensation under state law. He determined that the various due process claims were barred by the doctrine of res judicata because they were or could have been raised in Shelly's state-court appeals. Rejecting the equal protection claim, the magistrate found that "no rational factfinder could conclude that there was not a rational basis for distinguishing" Shelly from other sand and gravel extractors whose applications for conditional use permits had been granted.

Over Shelly's objections, the district court adopted the magistrate judge's report and recommendations. The court dismissed the takings claim without prejudice and the remaining constitutional claims with prejudice. Shelly filed a timely appeal.

II

An application of zoning regulations may constitute a "taking" if a property owner is denied all economically beneficial or productive use of the property in question. See *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1015 (1992). But "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985). "[I]f a State provides an adequate procedure for seeking just compensation," therefore, a takings claim is not ripe until the property owner "has used the procedure and been denied just compensation." *Id.* at 195.

Ohio provides a procedure for obtaining just compensation for a governmental taking. A property owner may bring an action in mandamus, under Chapter 2731 of the Ohio Revised Code, to force government officials to commence eminent domain proceedings. See *State ex rel. Elsass v. Shelby County Board of Commissioners*, 751 N.E.2d 1032, 1037 (Ohio 2001); *State ex rel. BSW Development Group v. City of Dayton*, 699 N.E.2d 1271, 1274-75 (Ohio 1998), *cert. denied*, 526 U.S. 1067 (1999); *State ex rel. Levin v. City of Sheffield Lake*, 637 N.E.2d 319, 323 (Ohio 1994).

Shelly maintains that Ohio's mandamus procedure is inadequate to protect its property rights. But Shelly has invoked the procedure nevertheless, and its mandamus action is now pending in state court. Under questioning at oral argument on the present appeal, counsel for Shelly agreed that the proper time for the federal courts to determine the adequacy of the state procedure, should Shelly still wish to obtain such a determination, would be following

completion of the state proceedings. The takings claim is not ripe, and an unripe claim must be dismissed for lack of subject matter jurisdiction. See *Bigelow v. Michigan Department of Natural Resources*, 970 F.2d 154, 157 (6th Cir. 1992).

Further, as we have said, Shelly took the position at oral argument that there would be no need for a resolution of its appeal on the remaining constitutional claims if it were to receive a state court award of just compensation for the alleged taking. That being so, consideration of the remainder of the appeal may appropriately be deferred.

The dismissal of Shelly's takings claim without prejudice is **AFFIRMED**. As to the remaining issues on appeal, **THE CLERK IS DIRECTED TO REMOVE THE APPEAL FROM THE ACTIVE DOCKET OF THIS COURT** subject to possible reinstatement on motion following completion of the state court proceedings.