DECISION
{¶ 1} Relator, Gregory T. Howard, has been found to be a vexatious litigator. Therefore, when he commenced this action, he had to seek leave of the court to proceed.
 {¶ 2} In accord with Loc.R. 12, the case was referred to a magistrate to conduct appropriate proceedings. The magistrate found no basis for a mandamus action against *Page 2 
the Ohio Bureau of Workers' Compensation ("BWC") or against the Industrial Commission of Ohio ("commission"), but did find a basis for treating the case as an action in procedendo to compel the ruling on certain motions filed in the Court of Common Pleas for Franklin County, Ohio.
 {¶ 3} A judge of the common pleas court subsequently ruled on 32 applications for leave to file a number of actions.
 {¶ 4} Relator has disagreed with the trial court judge's ruling and has also asserted that one of his numerous applications for leave to file a lawsuit has not been ruled upon.
 {¶ 5} The magistrate considered the merits of a motion to dismiss the present case filed on behalf of the common pleas court, having converted the motion to dismiss to a motion for summary judgment. Relator filed his own motion for summary judgment which was considered at the same time. The magistrate issued a magistrate's decision (attached as Appendix A) which recommends that we grant summary judgment on behalf of respondent, Franklin County Court of Common Pleas.
 {¶ 6} In response to the magistrate's decision, relator has filed a document entitled:
 RELATOR'S AMENDED RULE 60(B) MOTION TO VACATE THE MAGISTRATE JUDGE'S ORDERS OF FEBRUARY 29, 2008, MARCH 4, 2008, AND APRIL 15, 2008 AND OBJECTION TO MAGISTRATE'S DECISION OF APRIL 15, 2008, JOURNAL ENTRY OF THIS COURT OF APRIL 15, 2008 INSTANTER.
 {¶ 7} Counsel for respondent filed a memorandum contra to this document. Relator filed a reply memorandum along with additional motions. *Page 3 
 {¶ 8} The case is now before the court for review.
 {¶ 9} The magistrate's decision accurately sets forth the pertinent facts and the applicable law. We, therefore, adopt the findings of fact and conclusions of law contained in the magistrate's decision.
 {¶ 10} In summary, relator has failed to properly allege a claim for relief against the BWC and commission. At most, he alleged a claim that the common pleas court should rule on his numerous attempts to start new litigation. The common pleas court has now ruled. No claim of merit remains pending.
 {¶ 11} The request for a writ of mandamus is denied.
Motions overruled; writ of mandamus denied.
 PETREE and SADLER, JJ., concur. *Page 4 
 Appendix A MAGISTRATE'S DECISION Rendered April 15, 2008 IN MANDAMUS ON MOTIONS {¶ 12} Relator, Gregory T. Howard, was granted leave to pursue an action in procedendo seeking to compel the Franklin County Court of Common Pleas ("common *Page 5 
pleas court") to rule on several outstanding motions for leave to file various actions in the common pleas court.
Findings of Fact: {¶ 13} 1. On December 31, 2007, relator filed an application for leave to file a complaint for writ of mandamus against the Industrial Commission of Ohio ("commission"), the Administrator, Ohio Bureau of Workers' Compensation ("BWC"), and the common pleas court. Relator was required to seek leave to pursue his mandamus action because it has been determined that relator is a vexatious litigator.
 {¶ 14} 2. Upon review of his application, the magistrate determined that the complaint relator sought to commence against the commission and BWC was an abuse of process of the court and that there were no reasonable grounds for the proceedings. However, because it appeared that several motions were still pending in the common pleas court, the magistrate determined that those proceedings were not an abuse of discretion and that reasonable grounds for the proceedings existed.
 {¶ 15} 3. On March 17, 2008, respondent filed a motion to dismiss which the magistrate converted to a motion for summary judgment. Respondent attached thereto the March 14, 2008 decision and entry signed by Judge John P. Bessey which denied relator's 32 pending applications for leave to file various actions.
 {¶ 16} 4. Relator has filed a memorandum contra as well as his own motion for summary judgment. Relator contends that every application to proceed which he has filed in the common pleas court is meritorious, he should be provided with a status conference, and his pending actions should be reassigned to another judge. Relator also *Page 6 
argues that respondent has not yet ruled on one application filed in the common pleas court, specifically, his May 13, 2005 application.
 {¶ 17} 5. In addition to the above pleadings, relator has also filed numerous other motions in this court during the pendency of this mandamus action.
 {¶ 18} 6. Originally, the magistrate denied relator's motions as they were filed. However, because the magistrate's denial of those motions served only to generate the filing of other motions by relator, the magistrate has decided to address and deny all of relator's other pending motions at this time in this decision.
 {¶ 19} 7. The matter is currently before the magistrate on the parties respective motions for summary judgment.
Conclusions of Law: {¶ 20} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 21} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse *Page 7 
to the party against whom the motion for summary judgment is made.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 22} In this action, relator actually seeks a writ of procedendo to compel respondent to rule on his pending motions.
 {¶ 23} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Miley v.Parrott (1996), 77 Ohio St.3d 64, 65. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id.
 {¶ 24} An "`inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'"State ex rel. Dehler v. Sutula (1995), 74 Ohio St.3d 33, 35, quotingState ex rel. Levin v. Sheffield Lake (1994), 70 Ohio St.3d 104, 110.
 {¶ 25} Procedendo is an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. State ex rel. Sherrills v. CuyahogaCty. Court of Common Pleas (1995), 72 Ohio St.3d 461, 462.
 {¶ 26} Following the filing of relator's petition, respondent has issued a decision and entry addressing relator's motions which were pending in the common pleas court. Because the act which relator seeks to compel respondent to perform has been completed, there is no relief which can be granted to relator and respondent's motion for summary judgment should be granted. *Page 8 
 {¶ 27} As noted in the findings of fact, relator contends that respondent has failed to rule on one of his pending motions and requests that this court grant him summary judgment regarding that motion. However, upon review of respondent's decision and entry addressing relator's 32 pending motions, the magistrate concludes that respondent has ruled on and denied relator's May 13, 2005 motion. Motion number seven, addressed by respondent, specifically addresses relator's May 13, 2005 motion. Specifically, the common pleas court's decision and entry provides as follows:
 Plaintiff's Application for Leave to File a Motion for Relief from all Judgments between May 13, 2005 and November 15, 2005, based on the Court's January 18, 2006 Recusal and transfer Order, filed April 17, 2006.
 On April 17, 2006, Plaintiff asked to "renew," or for the Court to grant him relief from, 14 previously overruled motions.[1] Plaintiff states that the Court's January 18, 2006 recusal / transfer order is the basis for this motion.[2] All issues related to the January 18, 2006 refusal / transfer order are settled as a matter of law, as has been explained elsewhere in this decision. Therefore, Plaintiff's April 17, 2006 application is denied.
 {¶ 28} As above indicated in footnote two, respondent has specifically denied relator's May 13, 2005 application and relator is not entitled to summary judgment on this issue. Further, to the extent that relator also seeks summary judgment on the basis that the common pleas court's March 14, 2008 decision and entry erroneously disposed of his pending motions, that matter is not properly before the magistrate. As such, mandamus is not appropriate and relator is not entitled to summary judgment on that issue either. *Page 9 
 {¶ 29} As noted in the findings of fact, in the time since relator commenced this action, he has already filed numerous motions. Because the magistrate's denial of the first of those motions simply resulted in relator filing additional motions challenging and objecting to the magistrate's decision to deny those motions, the remainder of relator's motions will be addressed hereinafter.
 {¶ 30} Relator has eight pending motions filed in this action. The magistrate hereinafter denies relator's motions filed December 31, 2007, January 9, January 25, March 10, March 12, March 19, March 21, and April 7, 2008.
 {¶ 31} Based on the foregoing, it is this magistrate's decision that relator's motion for summary judgment should be denied and, because the magistrate finds that respondent has ruled on all of relator's pending motions in the common pleas court, respondent's motion for summary judgment should be granted.
[1] Dated May 13, May 20, May 26, May 31, 2005; June 2, June, 8, June 9, June 15, June 22, June 23, 2005; July 8, 2005; August 3, 2005; September 14, 2006; and November 15, 2005.
[2] In this application, Plaintiff acknowledges that this court has jurisdiction to hear Plaintiff's requests and to "make a reasonable decision on all pending issues raised here in by him."
 *Page 1