DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellants, Harry McNamara, et al. ("Residents"), appeal from the judgment of the Wayne County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, the City of Rittman ("Rittman"). This Court affirms.
 I {¶ 2} In 1979, Rittman developed three water wells in its well field. Rittman began pumping water from the wells in 1980. Due to Rittman's pumping, Residents saw a reduction in the quantity of their groundwater.
 {¶ 3} On January 4, 1994, Residents brought suit against Rittman for damages and an injunction. Residents claimed that "the aquifer from which they dr[e]w ha[d] been lowered due to [Rittman's] pumping of huge amounts of water, forcing [Residents] to endure water shortages and poor quality water, as well as forcing them to drill new wells and purchase new pumps and water-softening equipment." McNamara v. Rittman
("McNamara 7") (1998), *Page 2 125 Ohio App.3d 33, 36. The trial court granted summary judgment to Rittman on the basis of sovereign immunity, and this Court affirmed that decision on appeal. Id.
 {¶ 4} In 2000, Residents filed an action against Rittman in federal court, arguing that Rittman's pumping amounted to a procedural due process violation and a taking without just compensation. The Northern District Court granted summary judgment to Rittman because it concluded that Residents had failed to file their claim within the applicable statute of limitations. Residents appealed, and the Sixth Circuit Court of Appeals certified a question of state law to the Ohio Supreme Court.[1] The Supreme Court accepted the certified question of state law for review and issued its decision on December 21, 2005.McNamara v. Rittman ("McNamara I") (2005), 107 Ohio St.3d 243,2005-Ohio-6433. The Court determined that "Ohio landowners have a property interest in the groundwater underlying their land and that governmental interference with that right can constitute an unconstitutional taking." Id. at ¶ 34.
 {¶ 5} Following the Ohio Supreme Court's decision, the Sixth Circuit Court of Appeals reviewed the merits of Residents' appeal and affirmed the Northern District Court's decision on January 8, 2007. McNamara v.Rittman (2007), 473 F.3d 633. The Sixth Circuit determined that the federal law claims that Residents brought pursuant to a past violations theory were barred by the statute of limitations because: (1) the federal claims "ripened immediately when [Residents] knew or should have known of the underlying injury"; (2) "[Residents] must have acquired this knowledge no later than when [they] filed their state court Complaint"; and (3) Residents filed their claims four years after the applicable statute of limitations had elapsed. Id. at 636. The *Page 3 
Sixth Circuit declined to consider Residents' additional argument that Rittman's pumping constituted a continuing-violation because the issue was not yet ripe for federal review. Id. at 639-40. The Sixth Circuit specified that Residents' continuing-violations theory arguments were not ripe because Residents had not filed "a mandamus action in state court on their continuing-violations theory." Id. at 640.
 {¶ 6} On February 22, 2007, Residents filed a mandamus action against Rittman in the Wayne County Court of Common Pleas. Residents claimed that Rittman's continuous pumping of groundwater constituted a taking without just compensation and asked the trial court to order Rittman to institute appropriation proceedings against them. On November 15, 2007, Rittman filed a motion for summary judgment. Rittman argued that the applicable statute of limitations and the doctrine of res judicata barred Residents from maintaining their mandamus action. Residents opposed the motion, arguing that Rittman's continuous pumping tolled the applicable statute of limitations and that res judicata did not bar the action because a mandamus action does not lie until one's adequate remedies at law expire. On February 14, 2008, the trial court granted Rittman's motion for summary judgment.
 {¶ 7} Residents now appeal from the trial court's judgment and raise two assignments of error for our review.
 II Assignment of Error Number One "THE STATUTE OF LIMITATIONS IS NOT A BAR TO PLAINTIFFS' CLAIMS[.]" *Page 4 
 Assignment of Error Number Two "RES JUDICATA IS NOT A BAR TO PLAINTIFFS' CLAIMS[.]"
 {¶ 8} In their first assignment of error, Residents argue that the trial court erred in granting Rittman's motion for summary judgment on the basis that the applicable statute of limitations had expired. Specifically, Residents argue that Rittman committed a continuing tort so as to toll the applicable statute of limitations. In their second assignment of error, Residents argue that the trial court erred in granting Rittman's motion for summary judgment on the basis of res judicata. Specifically, they argue that mandamus actions of this type "normally consist of multiple lawsuits."
 {¶ 9} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 10} Pursuant to Civ. R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ. R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden *Page 5 
of offering specific facts to show a genuine issue for trial. Id. at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 11} Residents sought summary judgment in the court below on the basis of both the statute of limitations and res judicata. The trial court agreed that Rittman was entitled to summary judgment because Residents did not file their mandamus action within the applicable statute of limitations. The trial court reasoned that Residents knew of their alleged injury soon after Rittman began operating its wells in 1980, but failed to act on their knowledge by filing a timely mandamus action. In concluding that the statute of limitations was not tolled under a continuing-violations theory, the trial court held that:
 "The continuing deprivation of the aquifer is a residual ill effect of the specific act of [Rittman], some 27 years ago. Although the ill effect continues to this day, the preeminent factor is the event of planting the wells. Nothing that is happening today to the parties is something that did not happen soon after the completion and commencement of operations of the wells."
The trial court further opined that, under the doctrine of res judicata, Residents could have brought their mandamus action as part of their original litigation or could have "asserted [it] in a timely action upon a determination that there was no plain and adequate remedy at law."
 {¶ 12} "[M]andamus is the vehicle for compelling appropriation proceedings by public authorities where an involuntary taking of private property is alleged." State ex rel. Levin v. Sheffield Lake (1994),70 Ohio St.3d 104, 108. To obtain a writ of mandamus, one must demonstrate that: "(1) [he] has a clear legal right to the relief requested; (2) the [respondent] has a clear legal duty to perform the requested acts; and (3) [he] has no plain and adequate remedy at law." State ex rel. Burchv. Sheffield-Sheffield Lake City School Dist. Bd. of Educ. (Apr. 19, *Page 6 
1995), 9th Dist. No. 94CA005832, at *2. The doctrine of res judicata applies to extraordinary writs, including writs of mandamus. See, e.g.,State ex rel. Simpson v. Cooper, 120 Ohio St.3d 297, 2008-Ohio-6110, at ¶ 7 (concluding that res judicata barred sufficiency argument that petitioner raised in a writ of mandamus subsequent to his direct appeal); Lynch v. Wilson, 114 Ohio St.3d 118, 2007-Ohio-3254, at ¶ 5-7
(concluding that res judicata barred sufficiency argument that petitioner raised in a writ of habeas corpus subsequent to his direct appeal). Res judicata bars claims that were, or could have been, previously litigated so as to ensure the finality of judgments.Automation Tool Die, Inc. v. Cook, 9th Dist. No. 02CA0015-M, 2002-Ohio-7325, at ¶ 17-18.
 {¶ 13} Residents forward the same argument on appeal that they asserted in their motion in opposition to summary judgment in the court below. Residents argue that res judicata does not bar their mandamus action because they were required to pursue a state law claim for damages, a potential adequate remedy at law, before pursuing a writ of mandamus. In support of this argument, Residents point to Cline v.American Aggregates Corp. (1984), 15 Ohio St.3d 384, as evidence that a potential adequate remedy at law existed. Residents further argue that Ohio courts have never applied the doctrine of res judicata to bar a mandamus action in a case with a procedural posture such as this one. In support of this argument, Residents primarily rely upon the procedural posture of State ex rel. Shelly Materials v. Clark Cty. Bd. ofCommrs., 115 Ohio St.3d 337, 2007-Ohio-5022.
 {¶ 14} In Cline, the Ohio Supreme Court held that a landowner may be subject to a claim for damages if the landowner causes unreasonable harm to a neighboring landowner by withdrawing an unreasonable share of groundwater. Cline, 15 Ohio St.3d at syllabus. Residents rely uponCline to argue that they could not pursue a mandamus action against Rittman until they *Page 7 
first pursued a claim for damages against Rittman as discussed inCline. Cline, however, only involved private landowners suing a private corporation for its allegedly excessive pumping of water. Id. at 384-85. The Ohio Supreme Court has specified that mandamus is the proper vehicle when the entity allegedly taking a landowner's property is a public authority. State ex rel. Levin, 70 Ohio St.3d at 108. Indeed, Residents' first suit for damages against Rittman failed because Rittman was immune to such a suit. McNamara I, 125 Ohio App.3d at 40 (concluding that sovereign immunity protected Rittman from a claim for damages pursuant to Cline). Cline had no application to Residents' case and was not a basis through which Residents could obtain an adequate remedy at law.
 {¶ 15} Similarly, Residents' reliance on the procedural posture ofState ex rel. Shelly Materials as a means of arguing that res judicata does not apply to mandamus actions is misplaced. In State ex rel. ShellyMaterials, Shelly Materials, Inc. sought a writ of mandamus to order the Clark County Board of Commissioners to institute appropriation proceedings. Shelly initially sought a conditional use permit from the County Board and unsuccessfully appealed the denial of that use permit to the Clark County Court of Common Pleas. Residents analogize their first attempt to seek damages against Rittman to Shelly's first attempt to litigate the issuance of a conditional use permit. Residents argue that their suit for damages against Rittman should not bar their mandamus action because Shelly's conditional use permit suit did not bar its subsequent mandamus action. In analyzing Shelly's mandamus action, however, the Second District Court of Appeals specifically addressed the question of res judicata. State ex rel. Shelly Materials v. Clark Cty.Bd. of Commrs., 2d Dist. No. 2003-CA-72, 2005-Ohio-6682, at ¶ 8-9. The Second District relied upon the Ohio Supreme Court's mandate that res judicata does not act to bar a subsequent claim where the subsequent claim poses a different cause of action than the prior *Page 8 
claim and relies on different evidence. Id. at ¶ 8, quoting Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 381. The Second District determined that the causes of action and evidence in Shelly's claims were different because Shelly's first claim only sought a use permit and Shelly's second claim sought a writ of mandamus for an alleged taking without just compensation. State ex rel. Shelly Materials at ¶ 9. Accordingly, the Second District concluded that res judicata did not bar Shelly's mandamus action. Id.
 {¶ 16} Unlike the landowner in State ex rel. Shelly Materials, Residents' mandamus action essentially involves the same issue as Residents' prior suit for damages: whether Rittman owes Residents compensation for injury caused by Rittman's pumping of groundwater.State ex rel. Shelly Materials does not stand for the proposition that the doctrine of res judicata has no application in mandamus actions. It merely provides that the application of the doctrine is inappropriate when a claim poses a different cause of action than did a prior claim. Id. at ¶ 8, quoting Grava, 73 Ohio St.3d at 381. Because the substance of Residents' mandamus action does not differ from the substance of Residents' prior damages suit, the aforementioned restriction on the application of res judicata does not apply in this instance.
 {¶ 17} The Ohio Supreme Court has long recognized mandamus as the proper vehicle for instituting appropriation proceedings against a public authority. See State ex rel. McKay v. Kauer (1951),156 Ohio St. 347, paragraph three of the syllabus; Wilson v. Cincinnati (1961),172 Ohio St. 303, 306-07. Residents filed their initial claim against Rittman on January 4, 1994, well after the Supreme Court established a writ of mandamus as the proper mechanism for the type of injury that Residents alleged. Residents never requested a writ of mandamus, as an alternative means of relief or otherwise, in their initial action. The Supreme Court even reiterated the propriety of seeking mandamus relief against public authorities approximately *Page 9 
eight months after Residents filed their initial claim against Rittman. See State ex rel. Levin, 70 Ohio St.3d at 108, citing State ex rel.McKay, 156 Ohio St. at paragraph three of the syllabus, and Wilson,172 Ohio St. at 306. In State ex rel. Levin, the Supreme Court held that "a previously filed action in the common pleas court for damages and for a writ of mandamus compelling the city to commence appropriation proceedings constituted an adequate remedy at law." State ex rel. Levinv. Schremp (1995), 73 Ohio St.3d 733, 738, at fn.1, citing State ex rel.Levin, 70 Ohio St.3d 104. Residents never sought to amend their complaint in their initial claim against Rittman to include a writ of mandamus. See Probst v. Summit County (Mar. 26, 1997), 9th Dist. No. 17810, at *8. There was nothing to prevent Residents from pursing a mandamus action against Rittman at the time of their initial suit. Residents may not now litigate a mandamus action that they could have, but did not, litigate in a previous suit. See State ex rel. ArcadiaAcres v. Ohio Dept. of Job Family Servs., 10th Dist. No. 08AP-229,2008-Ohio-6127, at ¶ 10-11 (concluding that res judicata barred mandamus action when company failed to seek mandamus in its initial action and did not seek to amend its complaint to add mandamus). Residents' second assignment of error is overruled.
 {¶ 18} Based on our determination that res judicata bars Residents' mandamus action, Residents' first assignment of error, regarding the statute of limitations, is moot, and we decline to address it. See App. R. 12(A)(1)(c).
 III {¶ 19} Residents' second assignment of error is overruled. Residents' first assignment of error is moot. The judgment of the Wayne County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 10 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
DICKINSON, P. J. CONCURS.
[1] The Sixth Circuit certified the following question of state law: "Does an Ohio homeowner have a property interest in so much of the groundwater located beneath the land owner's property as is necessary to the use and enjoyment of the owner's home?"